CITY OF HARRISON *v.* SNYDER.

4-9249                                                    231 S. W. 2d 95

Opinion delivered June 26, 1950.

*W. J. Cotton,* for appellant.

*Willis & Walker,* for appellee.

Minor W. Millwee, Justice. Appellee, Garland Snyder, operates a grocery store in a residential section of the City of Harrison, Arkansas. By this suit against the City of Harrison and its mayor, appellee challenges the validity of Ordinance 393 of said city which amended Ordinance 385, an ordinance regulating the manner of collection and disposal of garbage and waste by the Sanitation Department of the city and fixing a schedule of fees to be charged for said services.

After levying a fee of $1.50 per quarter for each single family dwelling house and each unit of a multiple dwelling house, actually occupied as a residence, Section One of the amended ordinance provides: "All business, commercial and industrial houses, and other non-residential houses of any nature, shall be assessed for the collection of garbage, waste, trash and refuse, a reasonable sum per quarter to be determined by the Mayor, City Health Officer and Sanitation Committee of the City Council in keeping with the above schedule, except that no house nor place of business, having any waste, shall be assessed less than $1.50 per quarter. The fees due under this Sub-section are levied upon and shall be collectable from the owner, manager or occupants of said non-residential house."

Acting under the above section, the Mayor, City Health Officer and Sanitation Committee fixed a garbage fee of $3.00 per quarter for all commercial or non-residential houses without further approval or ratification by the city council either by resolution or ordinance. Appellee was arrested and fined for failure to pay the quarterly assessment of $3.00 against his grocery store. Although appellee alleged that the entire ordinance was unconstitutional and void for various reasons, in the course of the trial he abandoned all grounds of attack except the charge of invalidity against that part of section 1 which delegates to the committee named the power and authority to fix the garbage fee applicable to commercial property.

Hence, the only question for decision is whether a city council can delegate its legislative power to a committee to fix a garbage fee. The chancellor held that it could not and his findings are incorporated in the decree as follows: "That Ordinance 385, approved by the City Council of the City of Harrison on the 1st day of April, 1947, and Ordinance 393 amending said Ordinance 385, is void only in so far as it attempts to delegate to the Mayor, City Health Officer, and Sanitation Committee of the City Council the power and authority to fix garbage fees as provided in section 1 of said Amendment 393; and the Mayor and City of Harrison are attempting to exact from the plaintiff the sum of $3.00 per quarter garbage assessment as fixed by the Mayor, City Health Officer, and Sanitation Committee of the City Council; and that said actions on the part of the defendants Guy Raulston, Mayor of the City of Harrison, and the City of Harrison, in attempting to exact $1.50 per quarter in excess of the minimum amount fixed by section 1 of said Ordinance No. 393, is an illegal exaction of plaintiff because said amount in excess of the $1.50 minimum was fixed by the Mayor, City Health Officer, and Sanitation Committee of the City Council as a ministerial act and not passed on, adopted or approved by the City Council of the City of Harrison, Arkansas.

"And the Court further finds that the $1.50 in excess of the minimum fixed by said ordinance is an illegal exaction attempted on the part of the defendants Guy Raulston, Mayor of the City of Harrison, and the City of Harrison, and that said defendants should be permanently enjoined from collecting or attempting to collect in excess of $1.50 per quarter since the effective date of said ordinance." The court refused to enjoin the city from collecting fines assessed against appellee on charges still pending in the circuit court.

We have held that it is within the police power of a municipal corporation to control and regulate the manner of collection, removal and disposal of garbage and that a city may properly provide a penalty for violation of such regulations. *Guerin* v. *City of Little Rock*, 203 Ark. 103, 155 S. W. 2d 719. In 62 C. J. S., Municipal Corporations, § 154 (b), it is said: "The right to delegate power by municipal authorities rests on the same principle and is controlled in the same way as the delegation of the legislative power by the state, and the prohibitions against delegation of municipal legislative authority are substantially the same as those against prohibition of delegation of state legislative authority." It is also well settled that functions exclusively legislative must be exercised by the legislature and cannot be delegated. Thus, the legislature cannot delegate its power to tax or fix the tax rate. 16 C. J. S. Constitutional Law, § 133 (a).

The applicable rule is stated in McQuillin, Municipal Corporations, (2d Ed.), § 395, as follows: "The rule is well settled that legislative power cannot be delegated. So far as the powers of a municipal corporation are legislative they rest in the discretion and judgment of the municipal body intrusted with them, and the general rule is that that body cannot delegate or refer the exercise of such powers to the judgment of a committee of the council, or an administrative officer of the city." In the same section it is pointed out that this rule does not preclude the appointment of administrative agents for the performance of administrative or ministerial duties in making effective the legislative will. The author fur-

ther says: "There is a clear distinction between legislative and ministerial powers. The former cannot be delegated; the latter may. Legislative power implies judgment and discretion on the part of those who confer it." This doctrine has frequently been approved by this court. *State* v. *Davis*, 178 Ark. 153, 10 S. W. 2d 513; *Satterfield, Mayor* v. *Fewell*, 202 Ark. 67, 149 S. W. 2d 949.

While the council may not delegate its powers to a committee, when it ratifies the act of the committee in due form it becomes the act of the council. McQuillin, Municipal Corporations (2d Ed.) § 645; *Herring* v. *Stannus*, 169 Ark. 244, 275 S. W. 321. Thus, it was proper for the council to refer the matter of a reasonable fee to be charged to the committee named in the ordinance provided the fee recommended is duly ratified by the council. In this connection, we recently held that a city ordinance cannot be repealed, amended or suspended by resolution, but may be repealed, amended or suspended by ordinance only. *Meyer* v. *Seifert*, 216 Ark. 293, 225 S. W. 2d 4. The vice in § 1 of Ordinance 393 is that it delegates the power to finally fix garbage fees to a committee without ratification by the municipal body clothed with legislative authority under our constitution and statutes.

Counsel for the city cites *American Baseball Club* v. *Philadelphia,* 312 Pa. 311, 167 Atl. 891, 92 A. L. R. 386, in support of his contention that authority to fix reasonable garbage fees was properly delegated to the committee named in the ordinance. The ordinance involved in that case requried those giving athletic contests to pay a license fee based upon the number of policemen or firemen necessary to protect the public safety at such contests. The court held that the delegation of legislative authority was not involved in making the amount of the required license fee dependent upon a reasonable estimate of the number of policemen and firemen which, in the opinion of the director of public safety, may be necessary to protect the public safety. The court emphasized the fact that the ordinance dealt with special

services rendered by the city to a seasonal business conducted for private profit and involved the extraordinary use of municipal facilities. Obviously it would be unreasonable, if not impossible, to require the city council to meet every time a baseball game was played to determine the number of policemen necessary to maintain order during the particular contest. The court also pointed out that the rate of the exaction for the license was fixed by the ordinance, ''but the application of the rate is dependent upon extraneous facts to be found by an administrative official.''

In the case at bar we are not dealing with the validity of a license for special services rendered by a municipality to a particular business. The garbage assessment is a permanent exaction in the nature of tax which is applicable to all occupants or owners of dwelling and business houses in the city. The ordinance here delegates authority to the committee to fix the permanent rate of the assessment and not merely the application of the rate to a particular transaction. This is a legislative matter properly resting in the judgment and discretion of the city council and may not be delegated to a committee. The chancellor correctly so held, and the decree is affirmed.