The Honorable Charlotte Schexnayder State Representative Post Office Box 220 Dumas, Arkansas 71639-0220
Dear Representative Schexnayder:
This is in response to your request for an opinion concerning the Municipal Ambulance Licensing Act, A.C.A. §§ 14-266-101 to -110 (1987 and Cum. Supp. 1993) (the "Act"). I understand your request to have been prompted by inquiries received from the mayor of a city of the second class. Your inquiry is whether a city council may operate an ambulance service, as a whole or through a committee of council members, or whether, instead, the executive officers of the city, specifically including the mayor and the treasurer, will be responsible for operating the service.
Cities of the first and second class are expressly authorized to own and operate municipal ambulance services. A.C.A. § 14-266-105 (Cum. Supp. 1993). The Act does not, however, specify the respective rights and duties, with respect to the operation of such a service, of the city council or other governing body, on the one hand, and the mayor and other municipal officers, on the other.
In my opinion, it is within the authority of the city council to operate a municipal ambulance service, either as a whole or through a committee of council members, although it would also be permissible for the council to delegate the responsibility for operating the service to the mayor and other city officials.
While the day-to-day operation of a governmental service is generally regarded as an executive rather than a legislative function, "[t]he doctrine of separation of powers applied at the state level is not usually applied to municipal corporations and has never been regarded as fully appropriate in the performance of municipal functions." Laman v.McCord, 245 Ark. 401, 408, 432 S.W.2d 753 (1968) (Fogleman, J., concurring). The Arkansas Code is not specific in defining the respective powers and duties of the city council and the mayor and other officers of cities of the second class in the context at issue; rather the Code merely provides, with respect to all cities (of both the first and second classes):
 The corporate authority of cities that are organized shall be vested in one (1) principal officer, to be called the mayor, and one (1) board of aldermen, to be called the city council, together with such other officers as are mentioned in this subtitle or may be created under its authority.
A.C.A. § 14-42-102.
The Code also provides, in A.C.A. § 14-43-502:
 (a) The city council shall possess all the legislative powers granted by this subtitle and other corporate powers of the city not prohibited in it or by some ordinance of the city council made in pursuance of the provisions of this subtitle and conferred on some officer of the city.
 (b)(1) The council shall have the management and control of finances, and of all the real and personal property belonging to the corporation.
By the terms of the Code, the foregoing statute applies only to cities of the first class. It is my opinion, however, that the rules set forth therein are also applicable by implication to cities of the second class, there being no other specification in the Code of the general powers and duties of the city council of a city of the second class. InConner v. Burnett, 216 Ark. 559, 226 S.W.2d 984 (1950), the court held that a statute giving express authorization only to cities of the first class to pay salaries to their marshals authorizes, by implication, a city of the second class to do the same. The court noted thatAct 1 of 1875, the source of the provision authorizing cities of the first class to pay marshals' salaries, was a comprehensive statute governing cities and towns, and stated that it was appropriate to consider Act 1 as a whole, including those portions expressly applying only to cities of the first class, when determining the powers of cities of the second class.
Similarly, A.C.A. §§ 14-42-102 and 14-43-502, quoted above, were both enacted by Act 1 of 1875. In my opinion, A.C.A. § 14-43-502 generally describes the powers of city councils of cities of the second class, as well as of the first class. That statute clearly gives city councils broad executive, as well as legislative, powers ("other corporate powers of the city"; "management and control of finances, and of all the real and personal property"). It is further my opinion, therefore, that the executive authority of a city of the second class generally resides with the city council, except to the extent bestowed upon or delegated to another (such as the mayor or other municipal officer) by state statute or local ordinance.
In my opinion, a city council may delegate to a committee of its own members the power and duty to operate an ambulance service, so long as the committee exercises only ministerial, rather than legislative, authority. Adams v. Bryant, 236 Ark. 859, 370 S.W.2d 432 (1963); City ofHarrison v. Snyder, 217 Ark. 528, 231 S.W.2d 95 (1950); see alsoSatterfield v. Fewell, 202 Ark. 67, 149 S.W.2d 949 (1941). It is also true, of course, that the council may delegate similar ministerial power and duties to other agents, including municipal officers. Adams v.Bryant, 236 Ark. 859; City of Harrison v. Snyder, 217 Ark. 528. The choice of whether and to whom to delegate such authority is the council's.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh