Paul A. BROOKS *v.* DIRECTOR, Arkansas Employment
Security Department; and Rocky's Corner, Inc.

E 97-284                                          966 S.W.2d 941

Court of Appeals of Arkansas
Division I
Opinion delivered May 6, 1998

ANDREE LAYTON ROAF, Judge. This is an unbriefed employment security case. Paul A. Brooks appeals from the Board of Review's decision that he voluntarily left his last work without good cause connected to the work. We hold that the Board's decision is not supported by substantial evidence, and reverse and remand for an award of benefits.

Brooks was employed by appellee Rocky's Corner in Hot Springs as a daytime pizza cook from December 1995 until August 1997. At the hearing before the Appeals Tribunal, Brooks testified that he quit his job on August 30, 1995, because the air conditioning was not working, the temperature outside was one hundred degrees, the heat in the kitchen where the pizza ovens were located was unbearable, there was no circulation because the manager refused to allow the outside door to the kitchen to be opened to provide some relief, and also would not allow a door between the kitchen and the dining area, where the air conditioning was working, to be opened while customers were on the premises.

Brooks further testified that the problem with the air conditioning had been going on all summer, that he had complained to the owner three to four times about the heat in the kitchen, and that the owner had attempted without success to have the air conditioner repaired. Brooks testified that he had to work right next to the pizza ovens, and that on the day in question, the kitchen was so hot that sweat was running down his face into the pizzas.

The manager at Rocky's Corner, Patty Bates, testified at the hearing and stated that they were continually calling people to work on the air conditioners, that it was a constant problem that summer, that she closed and locked the outside kitchen door on the owner's instructions, and admitted that the temperature was one hundred degrees outside on the day Brooks quit.

Brooks appealed the denial of unemployment benefits by the Employment Security Department, and the Appeal Tribunal reversed the agency determination, finding that Brooks left because of good cause connected with the work, and that he had made reasonable efforts to resolve the problem. The Board of Review reversed the decision of the Appeal Tribunal, stating that "[w]orking in a kitchen is hot. That is the nature of the work." The Board also found that Brooks had not presented sufficient evidence of his working conditions, such as the exact temperature in the kitchen, the amount of time left on his shift, amount of time he had worked on his last day, whether any other employees complained, and whether there were other remedies to the problem besides quitting.

■ ■ In appeals of unemployment compensation cases, the findings of fact by the Board of Review are conclusive if supported by substantial evidence, and our review is limited to determining whether the Board could reasonably reach its decision upon the evidence before it. *Hiner v. Director*, 61 Ark. App. 139, 965 S.W.2d 785, (1998); *Rodriguez v. Director*, 59 Ark. App. 8, 952 S.W.2d 186 (1997). Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. This court reviews the evidence and all reasonable inferences deducible therefrom in a light most favorable to the Board of Review's findings. *Rucker v. Director*, 52 Ark. App. 126, 915 S.W.2d 315 (1996). We do not conduct a *de novo* review in appeals from the Board of Review. Even when there is evidence

upon which the Board might have reached a different decision, our review is limited to a determination of whether the Board could have reasonably reached its decision based upon the evidence before it. *Hiner, supra, Cowan v. Director,* 56 Ark. App. 17, 936 S.W.2d 766 (1997).

■ Arkansas Code Annotated section 11-10-513(b) (Repl. 1996) provides that, as a prerequisite to receiving unemployment benefits, an employee is required to make every reasonable effort to preserve his job rights before leaving employment, *Boothe v. Director,* 59 Ark. App. 169, 954 S.W.2d 946 (1997); *Ahrends v. Director,* 55 Ark. App. 71, 930 S.W.2d 392 (1996). In *Boothe, supra,* this court said:

> such reasonable efforts include taking appropriate measures to prevent an unsatisfactory situation on the job from continuing. *Teel v. Daniels,* 270 Ark. 766, 606 S.W.2d 151 (Ark. App. 1980). But the employee is not required to take measures to resolve a problem with his employer if such measures would constitute nothing more than a futile gesture. *Oxford v. Daniels,* 2 Ark. App. 200, 618 S.W.2d 171 (1981).

*Boothe,* 59 Ark. App. at 173-74, 954 S.W.2d at 949.

■ Viewing the evidence in the light most favorable to the Board of Review, we hold that there is not substantial evidence to support its finding that Brooks voluntarily quit his employment without good cause connected to the work. Both Brooks and the employer's representative testified that the temperature outside was at least one hundred degrees on the day Brooks quit, that the door to the kitchen was closed on orders from the owner, who was well aware of the problem, and that the problem with the kitchen air conditioning had persisted all summer. Although Brooks complained about the problem several times to the owner of the business, the problem had not been corrected by August 30, during the hottest part of the summer. Brooks took appropriate measures to rectify the intolerable working conditions by complaining several times to the owner, and under the circumstances, he could have reasonably believed that making further complaints would have been a futile gesture.

Reversed and remanded.

ROBBINS, C.J., and BIRD, J., agree.