The Honorable Jay Bradford State Senator P.O. Box 8367 Pine Bluff, Arkansas 71611
Dear Senator Bradford:
This is in response to your request for an opinion on the following question:
 May a city council set residency requirements to be followed by members of various boards and commissions, such as an advertising and promotion commission, convention center complex commission and/or a parks and recreations commission, in hiring employees of those boards and commissions?
The law is somewhat unclear on this issue, but in my opinion a court faced with the question would conclude that a city council does indeed have this authority.
I have recently opined that the imposition of a residency requirement for municipal employees is a proper municipal affair, and that a city council has the authority to impose such a requirement. See Op. Att'y Gen.96-080. I also opined that there was no general constitutional impediment to such action. Id. Your question, however, appears to focus more on the authority of the city council to impose such requirements on the employees of various board and commissions. That is, your question involves which municipal entity has the authority to set such qualifications for these employees, the city council, or the particular board or commission which hires the individuals in question.
Your question is drafted very broadly, and although it mentions three particular kinds of municipal commissions, it includes any number of "various boards and commissions." A conclusive opinion as to any particular board or commission would require reference to the individual state statutes addressing that type of board or commission. A city, of course, is prohibited from passing an ordinance contrary to the general laws of the state. Arkansas Constitution, art. 12, § 4, A.C.A. §14-55-101, and Nahlen v. Woods, 255 Ark. 974, 504 S.W.2d 749 (1974). A city council could thus not pass an ordinance requiring the employees of a board or commission to be residents of the city if a state statue expressly provided otherwise.
Absent any such statutory provision, it is my opinion that a city council would generally have the authority to require the residency of such employees under a general ordinance. It is true that the statutes governing, for example, city advertising and promotion commissions, and city parks and recreation commissions, give those commissions the authority, respectively, to "engage such personnel . . . and incur such administrative costs that it deems necessary to conduct its business" and to "employ such . . . employees and . . . compensate them upon such terms as shall be necessary in order to effectively carry out the purposes of [the] subchapter." See A.C.A. § 26-75-606(a)(1) and A.C.A. §14-269-104(i). Another provision in a different subchapter governing parks and recreation commissions provides that the commissioners "shall have the right to employ . . . other employees of whatsoever nature, kind, or character and to fix, regulate, and pay their salaries since it is the intention of this subchapter to vest in the commissioners the authority to . . . control the municipal recreational park and to have full and complete charge thereof." A.C.A. § 14-269-203(c). Still another provision provides that parks employees are to be selected and determined through the civil service selection process. A.C.A. § 14-269-303(e).
Although some of these provisions give the individual commissions wide authority in the selection of employees, I cannot conclude that the city council itself has been divested of its general authority to set policy for all municipal employees. Again, I have opined that the setting of a residency requirement by a city council is a proper municipal affair, and absent some specific state law prohibition in this regard, the council retains this power. Section 14-43-502 vests all the legislative power of the municipality in the city council, unless otherwise provided or conferred on some other officer of the city. I have found no such prohibitory provision.
Although no Arkansas case squarely addresses the issue you pose, several Arkansas cases are instructive on the point. It has been held that the question of military leave by municipal employees is a matter of municipal policy for the city council to make, and not the civil service commission. See Smith v. Little Rock Civil Service Commission,214 Ark. 765, 218 S.W.2d 366 (1949). It has been held that a parks committee does not possess legislative powers, those powers being reserved to the city council, and as such, the parks committee does not have authority to reinstate an employee laid off for city fiscal reasons. Satterfield,Mayor v. Fewell, 202 Ark. 67, 149 S.W.2d 949 (1941). It has also been held that a city sanitation committee does not have authority, under a city ordinance, to set a garbage fee. City of Harrison v. Snyder,217 Ark. 528, 231 S.W.2d 95 (1950). In the latter case, the court quoted from McQuillin, Municipal Corporations (2d Ed., 395) as follows:
 `The rule is well settled that legislative power cannot be delegated. So far as the powers of a municipal corporation are legislative they rest in the discretion and judgment of the municipal body entrusted with them, and the general rule is that that body cannot delegate or refer the exercise of such powers to the judgment of a committee of the council, or an administrative officer of the city. . . . There is a clear distinction between legislative and ministerial powers. The former cannot be delegated; the latter may. Legislative power implies judgment and discretion on the part of those who confer it.' This doctrine has frequently been approved by this court. [Citations omitted.]
217 Ark. at 531, 532, quoting McQuillin, supra.
In my opinion, therefore, the power to set residency qualifications for city employees is a legislative power, reserved to the city council. In a similar vein, I have recently opined that the city council is the proper entity to set residency requirements for city employees, rather than a city civil service commission. See Op. Att'y Gen. 97-334. Although the boards and commissions to which you refer have been invested with certain ministerial powers to hire employees, the power to set general employee eligibility requirements has not been exclusively delegated to them by state law. (Again, however, the statutes governing other particular boards or commissions would have to be evaluated). Under these circumstances, the city council has not been divested of its legislative power.
In my opinion, therefore, the answer to your question is in all likelihood "yes."
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh