Allean WILLIAMS *v.* DIRECTOR, Employment Security
Department and Conagra

E 02-313                                                98 S.W.3d 856

Court of Appeals of Arkansas
Division II
Opinion delivered March 5, 2003

*Appellant*, pro se.

*Allan Franklin Pruitt*, for appellee.

S AM BIRD, Judge. In this unbriefed employment security case, Allean Williams appeals the Board of Review's denial of her claim for unemployment benefits. The Board based its decision upon a finding that Williams voluntarily and without good cause connected with the work, left last work due to a compelling personal emergency, but without making reasonable efforts to preserve her job rights. The Board affirmed the decision of the Appeal Tribunal, which affirmed and modified the department's determination to deny benefits. We reverse and remand for an award of benefits.

The employer did not appear in the telephone conference before the Appeal Tribunal. Williams testified that her household consisted of herself, her disabled husband, her mentally retarded twenty-nine-year-old daughter, and her eighty-six-year-old father. She stated that her daughter was not able to do anything for herself, that her husband had undergone back surgery and could barely walk, and that her father, although mobile, was unable to care for himself because of his age. Williams said that she quit work when her babysitter of five years died and Williams took over the babysitter's duties. She said that she had no one to care for her family at the time, and that she would not have left her job except for these personal issues.

Arkansas Code Annotated section 11-10-513 (Repl. 2002) provides that, as a prerequisite to receiving unemployment benefits, an employee is required to make every reasonable effort to preserve her job rights before leaving employment. *Brooks v. Director*, 62 Ark. App. 85, 966 S.W.2d 941 (1998). The statute reads in part:

> (a)(1) If so found by the Director of the Arkansas Employment Security Department, an individual shall be disqualified for benefits if he or she voluntarily and without good cause connected with the work left his or her last work.
>
> . . . .

(b) No individual shall be disqualified under this section if, after making reasonable efforts to preserve his or her job rights, he or she left his or her last work due to a personal emergency of such nature and compelling urgency that it would be contrary to good conscience to impose a disqualification. . . .

■ On review of unemployment-compensation cases, the factual findings of the Board of Review are conclusive if they are supported by substantial evidence; but that is not to say that our function on appeal is merely to ratify whatever decision is made by the Board of Review. *Boothe v. Director*, 59 Ark. App. 169, 954 S.W.2d 946 (1997). We will reverse the Board's decision when it is not supported by substantial evidence. *Id.* Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*

Williams testified that she initially asked personnel manager Mattie Bullock for a leave, and that Bullock told her to go to her supervisor about the matter. Williams testified that she then went to Reggie, her head supervisor; that Reggie would not give her the leave; and that she did not return to Bullock. Williams further testified that she had not been told about a Family Medical Leave, that she never had been given a personnel handbook, and that she could not file a grievance because she was not in the union.

■ The Board of Review viewed Williams's failure to seek assistance after her supervisor denied her request as persuasive evidence that she did not make reasonable efforts to preserve her job rights. We disagree. We hold that reasonable efforts to preserve job rights would not have included Williams's seeking authority above her supervisor under the facts of this case: she had been informed by the personnel manager that the leave had to be granted by the supervisor, she had tried that avenue, and there was no evidence of any policy directing her to pursue a particular chain of command. We therefore hold that there is no substantial evidence to support the Board's finding that Williams did not make reasonable efforts to preserve her job rights.

Reversed and remanded for an award of benefits.

ROBBINS and GRIFFEN, JJ., agree.