The Honorable Terry Smith State Representative 181 Caroline Acres Road Hot Springs, AR 71913
Dear Representative Smith:
This is in response to your request for an opinion on the following question:
 May a board of directors, operating under the city manager form of government, create a committee, advisory commission, commission, ad hoc committee or similar group (not otherwise dictated by state law) with a designated position for one or more board members and then appoint one or more of its members to fill such position(s) or does such appointment violate A.C.A. § 14-47-109(3) which states ". . . a board member may not serve the city in any other capacity?"
It is my opinion that a conclusive answer to this question would require reference to the particular "committee" or "commission" in question. Section 14-47-109(a)(3) (1987) states that "[e]xcept where expressly permitted under this chapter, a board member may not serve the city in anyother capacity." (Emphasis added.) The question to be resolved in each instance, therefore, is whether the board member in fact serves the city in some capacity other than as a city director by virtue of his or her service on the particular committee or commission.
Although you have framed the issue generally, without reference to a specific body, you have submitted two resolutions which pertain to certain committees. Resolution No. 2980 of the City of Hot Springs establishes the "Building Project Review Committee," and the other resolution proposes to create a "City Facility Study Committee." While this office is generally not in a position to construe local measures, it appears that the intent under both resolutions is to create advisory bodies, i.e., the committees serve to review a particular matter and to make recommendations to the board. They apparently have not been delegated any administrative or ministerial powers. They exercise no decision-making authority.
It is my opinion that § 14-47-109(a)(3) does not prohibit a board member's service on such a committee. There is no discernible "other capacity" being served by the board member. The committee serves to assist the board in the deliberative process. It may reasonably be concluded that the board members are serving in their capacities as such when they serve on these committees.
Section 14-47-109(a)(3) will, however, in my opinion, prevent a board member's service on a committee, commission, or other authority which in fact exercises administrative or ministerial powers. The board may lawfully delegate ministerial, administrative, or executive powers to a committee. See generally Jonesboro v. Montague, 143 Ark. 13, 219 S.W. 309
(1920). As stated in Jonesboro:
 When the powers to be performed by the governing body of municipal corporations are of a ministerial, administrative, or executive nature, they may delegate the power to a committee. The business of municipal corporations, like other corporations, must be conducted through agents.
143 Ark. at 16-17. See also City of Harrison v. Snyder, 217 Ark. 528,531, 231 S.W.2d 95 (1950) (noting that while the governing body cannot delegate legislative powers, "this rule does not preclude the appointments of administrative agents for the performance of administrative or ministerial duties. . . .")
It should be noted in this regard that in accordance with A.C.A. §14-47-131(a)(1) (1987), the board "may from time to time by ordinance . . . [c]reate any new municipal departments, offices, employments, boards, authorities, commissions, and agencies[.]" Appointees to these bodies presumably exercise some decision-making authority through the exercise of administrative or ministerial powers. It may reasonably be concluded, as a general matter, that a board member's service on such a board, authority, or commission would be contrary to § 14-47-109(a)(3). The board member would, in that instance, be serving in some "other capacity," i.e., as an "administrative agent" of the city. City ofHarrison, supra.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh