Andre D. WEST *v.* DIRECTOR, Employment Security
Department and Department of Workforce Services and
Rehabilitation Center, Inc., d/b/a Millcreek of Arkansas

E 05-227                                                      231 S.W.3d 96

### Court of Appeals of Arkansas
### Opinion delivered March 8, 2006

Appellant, *pro se*.

*Allan Franklin Pruitt*, for appellee.

SAM BIRD, Judge. This is an unbriefed, pro se appeal from a
decision by the Board of Review that denied unemploy-
ment security benefits to Andre West because of misconduct related
to his job. West contends on appeal that there was no misconduct. We
agree, holding that no substantial evidence supports the Board's
finding of misconduct under Arkansas unemployment compensation
law. Therefore, this case is reversed and remanded for an award of
benefits.

Pursuant to Ark. Code Ann. § 11-10-514(a) (Repl. 2002),
an individual shall be disqualified for employment benefits if he is
discharged from his last work for misconduct in connection with

the work. "Misconduct" includes disregard of the employer's interests, violation of the employer's rules, disregard of the standards of behavior that the employer has the right to expect of his employees, and disregard of the employee's duties and obligations to his employer. *Nibco, Inc. v. Metcalf*, 1 Ark. App. 114, 613 S.W.2d 612 (1981). It requires more than mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies, ordinary negligence in isolated instances, or good faith error in judgment or discretion. *Id*. There must be an intentional or deliberate violation, a willful or wanton disregard, or carelessness or negligence of such degree or recurrence as to manifest wrongful intent or evil design. *Id*. The intentional or deliberate failure to furnish information in which an employer has a legitimate interest is a willful disregard of the employer's interest and of the standards of behavior that it has a right to expect of its employees. *Id*.

West was employed as an aide who provided care in patients' cottages at Millcreek of Arkansas, a residential facility for the psychiatric care of children. He was discharged from his job when his employer discovered his name on a central registry during a mandatory biannual background check.[1] West initially was awarded unemployment benefits by the Employment Security Department.

The employer appealed the award to the Appeal Tribunal. West and Terri Riggs, Millcreek's director of human resources, testified at a telephone hearing conducted by the hearing officer on July 13, 2005. After the hearing, the Tribunal issued a decision reversing the award of unemployment benefits. West appealed to the Board of Review, which on September 14, 2005, affirmed the denial of benefits and adopted the decision of the Appeal Tribunal. The Board, finding that West was discharged for misconduct in connection with his work, reasoned as follows:

> The claimant's own action resulted in his being placed on the child abuse registry. Being on the registry prevented him from continuing his employment with the listed employer. Compare *Washington Regional Medical Center v. Director*, 64 Ark. App. 41 (1998),

---

[1] The background check of the "central registry" apparently refers to checking the state child maltreatment central registry. *See* Ark. Code Ann. § 9-28-409(a)(1) & (4) (Supp. 2005) (requiring that certain persons in child welfare agencies shall be checked with the child maltreatment registry and that the check shall be repeated every two years).

where the Arkansas Court of Appeals held that a claimant's inability to obtain a license to perform her job duties was not misconduct.

We do not conduct de novo reviews in appeals from the Board of Review; instead, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings of fact. *Brooks v. Director*, 62 Ark. App. 85, 966 S.W.2d 941 (1998). The Board's findings are conclusive if supported by substantial evidence, which is such evidence as a reasonable mind might accept as adequate to support a conclusion. *Id*. Even when there is evidence upon which the Board might have reached a different decision, the scope of judicial review is limited to a determination of whether it could have reasonably reached its decision based upon the evidence before it. *Bennett v. Director*, 73 Ark. App. 281, 42 S.W.3d 588 (2001).

Riggs testified at the hearing that Millcreek was required by law to conduct a biannual check for child maltreatment on every employee and that the checks had been performed on West every two years since his employment began in 1992. She said that the check that came back on May 20, 2005, had "a true report . . . of child maltreatment," making West ineligible for employment. She said that the employer received no details of the incident that led to West's name being placed on the registry, that West was approached about the incident, that he indicated his awareness of the true report, and that he understood that his employer had to act because of the law's prohibition against employing him. Riggs said that, although West had violated the employer's policy requiring an employee who had a reportable incident to advise his employer of it, he was not discharged on that basis. She explained the reason for his discharge:

> We terminated him because he had a prohibiting offense on his record, that's the bottom line. We didn't terminate him because he didn't report it. We terminated him because of the prohibiting offense, because state law will not allow us to hire him, continue employment. We could not risk shutting, having our whole facility shut down.

The hearing officer asked West if he had any questions of Riggs in regard to her testimony. West responded that he had no questions and that Riggs's testimony "sounded about right." The hearing officer then further questioned West:

> H. OFFICER: Okay. And could you tell us what caused your separation?

[WEST]: Well, it was an incident that happened and they put me on the registry and uh, according to their policies, while my name is on the registry, I cannot be employed at their facility, and I understood that so I just went with everything that was going on, you know.

H. OFFICER: Okay. And you were aware when they did put on [sic] the registry?

[WEST]: See, what happened was, I wasn't aware that I was on the registry, because I wasn't explained [sic] that they were going to put me on the registry and uh, I got a letter when they did the background check, I got that on a Saturday, and my off days is on a Monday and Tuesday, so I think they probably received their letter that Monday. I was off work, you know before I got the chance to, you know, they had notified me, on my off day, which was that Monday, that they had gotten the letter from, you know, the registry, that my name was on there.

H. OFFICER: Can you remember the incident that caused you to be on the registry?

[WEST]: Yes, I do but, uh, I don't know if I need to disclose all of that, you know, but I can if I have to.

H. OFFICER: Well, let me just ask you, when the incident happened, were you aware that it was a registered incident, that you knew would be registered?

[WEST]: No, I didn't.

H. OFFICER: Was there any arrest involved in the incident?

[WEST]: No, huh–uh.

H. OFFICER: Okay, but it had to do with the treatment of children?

[WEST]: Yes.

H. OFFICER: Okay. And so, did you request a hearing or do you consider yourself guilty of what you were accused of?

[WEST]: Well, the way the situation went, I consider myself guilty because it was like a drug-related situation, and you know, so, you know, I admitted to it, and I guess they put it on the registry. I wasn't aware they were going to do all of that though. I went through rehabilitation and everything and, you know, matter of fact, the job, Millcreek, they sent me to rehabilitation, and I went and I, you know, I passed that and everything and I've been working ever since then, and then the next thing I knew, my name was on the registry, which I was unaware of.

H. OFFICER: All right, so you attended a rehabilitation center because of drug use?

[WEST]: Yes, I did.

The Board's decision, adopting that of the Appeals Tribunal, set forth the following basis for its finding that West was discharged for misconduct in connection with his work:

> The claimant was discharged due to the results of a background check showing a reportable incident that prohibited his continued employment. The claimant admitted to the offense. The employer is required by state law to remove anyone with a prohibited incident. *The claimant's actions were within his control and were a willful disregard of the employer's interest.*

(Emphasis added.) The Board reiterated that West's "own action resulted in his being placed on the child abuse registry," seemingly to distinguish this case from *Washington Regional Medical Center v. Director*, 64 Ark. App. 41, 979 S.W.2d 94 (1998), where a respiratory therapist was entitled to unemployment compensation benefits after being discharged because she was unable to pass new licensing requirements despite studying. We do not think the present case turns on the distinction drawn in *Washington* between inability and misconduct.

West was discharged when a biannual check of the central registry showed a true report of child maltreatment, a prohibited offense that did not allow his employment to continue. Well before his name was discovered on the registry, West admitted to the incident that resulted in placement of his name on the registry and said that he considered himself guilty because it was a drug-

related situation. He was not arrested. His employer sent him to drug rehabilitation, he passed his tests, and he was not terminated from his employment. He testified that he was not aware that his name would be put on the registry after the incident occurred, nor was he aware of the placement of his name there until his employer ran the check. There was no evidence to the contrary, and there was no determination by the Board that his testimony was not credible. The employer's representative testified that he was discharged because "he had a prohibiting offense on his record," and not because he failed to report it. There was no testimony that he was discharged because of the offense itself.

■ Substantial evidence supports the Board's finding that West's own actions resulted in a reportable incident and, ultimately, in his name being placed on the central registry. However, we hold that there is no substantial evidence to support a finding that his actions constituted a willful disregard of his employer's interest. West was unaware that the incident would result in placement of his name on the registry, and it was only when the mandated check was run that he became aware of the listing. His employer was justified, and even statutorily mandated to discharge West upon discovery of his name on the registry, but it cannot be said that the listing demonstrated wrongful intent or evil design such as would constitute misconduct under our unemployment security law.

Reversed and remanded.

HART and NEAL, JJ., agree.