
SLIP OPINION

Cite as 2013 Ark. App. 450

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. E-13-128

| | |
|---|---|
| TANYA MILLSPAUGH<br>APPELLANT | **Opinion Delivered** August 28, 2013 |
| V. | ARKANSAS BOARD OF REVIEW<br>[NO. 202-BR-03501] |
| DIRECTOR, DEPARTMENT OF<br>WORKFORCE SERVICES, AND<br>DISCOUNT TOBACCO<br>APPELLEES | REVERSED AND REMANDED |

**PHILLIP T. WHITEAKER, Judge**

Appellant Tanya Millspaugh was discharged from her employment. The Department of Workforce Services issued a Notice of Agency Determination denying her claim for unemployment benefits under Arkansas Code Annotated section 11-10-514(a) (Repl. 2012), finding that Millspaugh was discharged for misconduct. Millspaugh appealed that decision to the Appeal Tribunal ("Tribunal"), which reversed the Department's decision. Millspaugh's employer then appealed to the Board of Review ("Board"), which reversed the Tribunal. Millspaugh petitioned this court for review, and we reverse the Board's determination and remand for an award of benefits.

We review the Board's findings in the light most favorable to the prevailing party and affirm the Board's decision if it is supported by substantial evidence. *Rodriguez v. Dir.,* 2013 Ark. App. 361; *Price v. Dir.,* 2013 Ark. App. 205. Substantial evidence is such relevant

evidence that a reasonable mind might accept as adequate to support a conclusion. *Rodriguez*, *supra*. Even when there is evidence upon which the Board might have reached a different decision, the scope of our review is limited to a determination of whether the Board reasonably could have reached the decision that it did based upon the evidence before it. *Id*. Our function on appeal, however, is not merely to rubber stamp decisions arising from the Board. *Id*.

Millspaugh was employed as a cashier for Discount Tobacco in Malvern. She usually worked on Fridays, Saturdays, and Sundays. When she left work on Sunday, September 23, no schedule had been posted yet for the coming week, so she inferred that her hours would be her usual Friday-through-Sunday hours.[1] On Tuesday, September 25, Millspaugh drove to Batesville to see her family. At 1:24 that afternoon, a co-worker texted her, saying that she was supposed to work from 2:00 p.m. until 10:00 p.m. that day. Millspaugh texted back that she was in Batesville and could not possibly make it. Millspaugh then called her supervisor, Tiffany Stovall, and explained that she could not be there because she was two-and-a-half hours away. Stovall told Millspaugh that, if she did not report for work, she would not have a job. On Wednesday, Millspaugh contacted Stovall to see if her paycheck had arrived and to ask if she was going to be written up or fired. Stovall replied that Millspaugh did not have a job anymore because she did not show up for work.

Amanda Duvall, the office manager for Discount Tobacco, testified on behalf of the

---

[1]One of Millspaugh's co-workers, Candi Hawthorne, also testified that no schedule had been posted before Millspaugh left work on Sunday night.

employer. Duvall explained that the store had a policy whereby employees were required to call if they were not going to report for work; if an employee did not call and did not show up, the company considered the employee to have quit.

Based on this evidence, the Board found that Millspaugh's actions were "tantamount to misconduct." It conceded that Millspaugh presented "compelling testimony" that the work schedule had not been posted before she left work on Sunday night, that she usually worked only on weekends, and that the employer should have "ideally" posted the work schedule in advance. The Board nonetheless found that it was Millspaugh's responsibility to make sure that she was not scheduled to work. The Board also noted that, while Millspaugh was two-and-a-half hours away when she was notified that she was supposed to report for work, she "presented no testimony that she could not have reported to work." We disagree.

Arkansas Code Annotated section 11-10-514(a)(1) provides, "If so found by the Director of the Department of Workforce Services, an individual shall be disqualified for benefits if he or she is discharged from his or her last work for misconduct in connection with the work." The employer has the burden of proving by a preponderance of the evidence that an employee engaged in misconduct. *Rodriguez*, *supra*.

"Misconduct" involves disregard of the employer's interest, violation of the employer's rules, disregard of the standards of behavior the employer has a right to expect of its employees, and disregard of the employee's duties and obligations to the employer. *Id*. For purposes of unemployment insurance, the definition of misconduct requires more than mere inefficiency, unsatisfactory conduct, failure in good performance as a result of inability

3

or incapacity, inadvertencies, ordinary negligence in isolated instances, or good-faith errors in judgment or discretion. *Id*. Conduct that may well provide a sufficient basis for the discharge of an employee may not be sufficient to deny that employee unemployment benefits. *Id*. The two inquiries are entirely different. *Id*. To conclude that there has been misconduct for unemployment-insurance purposes, we have long required an element of intent: mere good-faith errors in judgment or discretion and unsatisfactory conduct are not misconduct unless they are of such a degree or recurrence as to manifest culpability, wrongful intent, evil design, or intentional disregard of an employer's interest. *Id*.

Millspaugh's conduct did not rise to the level of misconduct. Nothing in the record indicates that she was acting with an intentional disregard of her employer's interests. Rather, the facts in the record show that she routinely worked Fridays, Saturdays, and Sundays; when she left work on Sunday, no schedule for the following week had been posted; she reasonably assumed that she would not be called to report for work during the week; and, on Tuesday, based on her justifiable assumption, she drove to Batesville to visit her family. Upon learning that she had been scheduled to work, she complied with company policy by calling and informing her employer that she would not be able to report. There is no substantial evidence to support the Board's determination that Millspaugh's actions amounted to misconduct. We therefore reverse and remand for an award of benefits.

Reversed and remanded.

VAUGHT and HIXSON, JJ., agree.

*Tanya Millspaugh*, pro se appellant.

*Phyllis Edwards*, Associate General Counsel, Department of Workforce Services, for appellee.

4