

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. E-13-108

| | | |
|---|---|---|
| ELIZABETH BARNARD | | **Opinion Delivered** October 9, 2013 |
| APPELLANT | | |
| | | APPEAL FROM THE ARKANSAS |
| V. | | BOARD OF REVIEW |
| | | [NO. 2012-BR-03190] |
| DIRECTOR, ARKANSAS DEPARTMENT OF WORKFORCE SERVICES, and GREENWOOD SCHOOL DISTRICT | | |
| APPELLEES | | AFFIRMED |

## RITA W. GRUBER, Judge

Elizabeth Barnard, the appellant in this unemployment-compensation case, filed a claim for benefits after she was terminated by her employer, Greenwood School District. The Department of Workforce Services denied her benefits, finding that she was discharged from last work for misconduct connected with the work. She filed a timely appeal to the Appeal Tribunal, which conducted a telephone hearing on September 25, 2012. Appellant failed to appear at her hearing, and the Tribunal affirmed the denial of her benefits. She filed a request to reopen the case and, after a hearing, the Tribunal denied her request. The Board of Review affirmed, and appellant filed this petition for review. We affirm the Board's decision.

The facts regarding reopening in this case are not in dispute. Appellant admits that she

received notice that a hearing in her case was to be held by telephone at 2:00 p.m. on September 25, 2012. The notice contained instructions that she was to contact the Appeal Tribunal in advance of the scheduled hearing and leave a phone number where she could be reached for the hearing and that, if she had not received a call within ten minutes of the time of the scheduled hearing, she was to immediately contact the Tribunal at the phone number provided in the notice. Appellant lost the notice.

On September 19, 2012, appellant contacted attorney Michael Hamby and told him that her hearing date was September 27, 2012, at 2:00 p.m. Mr. Hamby then left a message with the Tribunal and advised the hearing officer that he would be representing appellant at the September 27 hearing. A call slip in the Tribunal's call log reflects this call and contains Mr. Hamby's phone number as attorney but does not list appellant's name or phone number. Another call slip contains appellant's name but no phone number and lists Mr. Hamby as a witness.

Appellant's hearing was held on September 25, 2012, as scheduled, and the hearing officer attempted to call appellant at the phone number listed on her petition in the file but reached only a message machine. When appellant and Mr. Hamby were advised on September 27, 2012, that the hearing had taken place on September 25, appellant submitted a request to reopen the case. After a hearing, her request was denied for failure to demonstrate good cause.

A party who fails to appear at a scheduled Tribunal hearing may request that the case be reopened. Ark. Code Ann. § 11-10-524(d)(1) (Repl. 2012). The request will be granted

"only upon a showing of good cause for failure to appear." Ark. Code Ann. § 11-10-524(d)(2). What constitutes good cause is ordinarily a question of fact for the Board to determine from the particular circumstances of each case. *Perdrix-Wang v. Director*, 42 Ark. App. 218, 221, 856 S.W.2d 636, 638 (1993).

On appeal, the findings of fact of the Board of Review are conclusive if they are supported by substantial evidence. *Ramirez v. Director*, 2013 Ark. App. 453, at 2. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *West v. Director*, 94 Ark. App. 381, 383, 231 S.W.2d 96, 98 (2006). Even when there is evidence on which the Board might have reached a different decision, the scope of judicial review is limited to a determination of whether it could have reasonably reached its decision based on the evidence before it. *Id*. Finally, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Id*.

After reviewing the evidence and all reasonable inferences in the light most favorable to the Board's findings, we hold that substantial evidence supports the Board's decision that appellant did not demonstrate good cause for her failure to appear. While it would have been helpful for the hearing officer to have called Mr. Hamby, the primary reason for appellant's failure to participate in the hearing was appellant's loss of the notice, miscommunication of the proper date of the hearing to her attorney, and failure to confirm the date given the loss of the notice. Appellant admits that she was properly advised of the hearing date and provided with instructions for participation. When she discovered that she had lost the


notice, it was her responsibility to ensure that she knew the date of the scheduled hearing.

Affirmed.

HIXSON and WOOD, JJ., agree.

*Michael Hamby, P.A.*, by: *Michael Hamby*, for appellant.

*Phyllis A. Edwards*, for appellee.