

# ARKANSAS COURT OF APPEALS

DIVISION I
No. E-14-865

GARY DON ARWOOD

APPELLANT

V.

DIRECTOR, DEPARTMENT OF
WORKFORCE SERVICES, and JCR
MANAGEMENT, INC.

APPELLEES

**Opinion Delivered:** April 29, 2015

APPEAL FROM THE ARKANSAS
BOARD OF REVIEW
[NO. 2014-BR-01962]

REVERSED AND REMANDED

## WAYMOND M. BROWN, Judge

Gary Don Arwood appeals from the Board of Review's denial of his unemployment benefits. Arwood worked for the employer as a customer-service representative and delivery driver from September 22, 2012, to May 16, 2014, at which time he was discharged for violating a policy prohibiting employees from discussing salary and wages with other employees. The employer's general manager was initially tasked with reprimanding Arwood, but instead, terminated his employment after finding a piece of paper she believed he was using to account for money he had taken from the company's cash drawer.[1]

---

[1] The Board of Review found that the employer was not credible and provided insufficient evidence to substantiate allegations surrounding the piece of paper and the cash drawer, and therefore, it is not important for purposes of our appeal.

SLIP OPINION

The Department of Workforce Services allowed benefits, and the Appeal Tribunal affirmed, concluding that Arwood was discharged for reasons other than misconduct in connection with his work. The Board of Review reversed the Appeal Tribunal's decision, finding that he was discharged for misconduct due to his oral statements. Hence, the issue before us is whether Arwood's actions constituted work-related misconduct sufficient to bar him from receiving unemployment compensation. We do not believe his actions rise to such a level and reverse and remand the Board of Review's decision with instructions to award benefits.

A person shall be disqualified from receiving unemployment benefits if it is determined that the person was discharged from his or her last work on the basis of misconduct in connection with the work.[2] The employer has the burden of proving by a preponderance of the evidence that an employee engaged in misconduct.[3] For the purposes of unemployment compensation, misconduct is defined as (1) disregard of the employer's interest, (2) violation of the employer's rules, (3) disregard of the standards of behavior which the employer has a right to expect, and (4) disregard of the employee's duties and obligations to the employer.[4] However, the definition of misconduct requires more than mere inefficiency, unsatisfactory conduct, failure in good performance as a result of inability or incapacity, inadvertencies, ordinary negligence in isolated incidents,

---

[2] Ark. Code Ann. § 11–10–514(a)(1) (Repl. 2012).

[3] *Grigsby v. Everett*, 8 Ark. App. 188, 649 S.W.2d 404 (1983).

[4] *Clark v. Dir., Employment Sec. Dep't*, 83 Ark. App. 308, 126 S.W.3d 728 (2003).

or good-faith errors in judgment or discretion.[5] Conduct that may well provide a sufficient basis for the discharge of an employee may not be sufficient to deny that employee unemployment benefits.[6] To conclude that there has been misconduct for unemployment-insurance purposes, we have repeatedly required an element of intent: mere good-faith errors in judgment or discretion and unsatisfactory conduct are not misconduct unless they are of such a degree or recurrence as to manifest culpability, wrongful intent, evil design, or intentional disregard of an employer's interest.[7]

In the instant case, the employer has a policy prohibiting its employees from discussing salary and wages, specifically stating as follows: "Discussing with other team members salary/wages which will result in automatic termination." The employer alleged and Arwood testified that he stated to another employee, "Did you get your bonus cause I just got mine?" He further testified that he did not know talking about his bonus was against the employer's policy because he did not believe his bonus had anything to do with salary or wages, and he maintained that his bonus was a reward that differed from his usual pay because it did not occur regularly. We agree with Arwood and believe that such a statement in regard to his bonus amount was no more than an isolated instance of ordinary negligence or a good-faith error in judgment.

The employer also presented conflicting evidence as to the reason for Arwood's discharge. Initially, the employer's vice-president testified that he was discharged for

---

[5] *Price v. Dir., Ark. Dep't of Workforce Servs*, 2013 Ark. App. 205.

[6] *Id.*

[7] *Id.*

discussing his bonus. However, his testimony revealed that he instructed the general manager to present Arwood with a written reprimand. He later altered the reasons for discharge to include the cash drawer incident, but the Board did not find that credible. Nevertheless, the Board found that Arwood intentionally violated the employer's rules and disregarded its interests by discussing his bonus with another employee, amounting to misconduct in connection with his work.

On appeal from the Board of Review, we do not conduct a de novo review; instead, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings of fact.[8] We will affirm the Board's findings if they are supported by substantial evidence, which is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.[9] Even when there is evidence upon which the Board might have reached a different decision, the scope of judicial review is limited to a determination of whether it could have reasonably reached its decision based upon the evidence before it.[10] Our function on appeal, however, is not merely to rubber stamp decisions arising from the Board.[11] We conclude that the facts presented in this case are not sufficient to support a finding of misconduct. Instead, the evidence demonstrates that Arwood's asking another employee about his bonus amounted to a good-faith error in judgment or an isolated instance of ordinary negligence and that it

---

[8] *West v. Dir.*, 94 Ark. App. 381, 231 S.W.3d 96 (2006).

[9] *Id.*

[10] *Id.*

[11] *Millspaugh v. Dir., Ark. Dep't of Workforce Servs.*, 2013 Ark. App. 450.

did not establish wrongful intent or evil design. Such conduct may be a sufficient basis for the discharge, but it is not a sufficient basis for the denial of unemployment compensation.

Reversed and remanded.

VAUGHT and HOOFMAN, JJ., agree.

*Gary Don Arwood*, pro se appellant.

*Phyllis Edwards*, for appellee.