Cite as 2015 Ark. App. 470



# ARKANSAS COURT OF APPEALS

DIVISION IV
No. E-15-149

| | |
|---|---|
| STEVEN DYER<br><br>APPELLANT<br><br>V.<br><br>DIRECTOR, DEPARTMENT OF WORKFORCE SERVICES, and WAL MART<br><br>APPELLEES | **Opinion Delivered:** September 9, 2015<br><br>APPEAL FROM THE ARKANSAS BOARD OF REVIEW<br>[NO. 2015-BR-00223]<br><br><br>REVERSED AND REMANDED |

## WAYMOND M. BROWN, Judge

Appellant Steven Dyer appeals the decision of the Arkansas Board of Review (Board) denying him unemployment benefits and affirming that he was discharged from last work for misconduct in connection with the work. We reverse and remand for an award of benefits.

Dyer began working as a stocker at Wal-Mart in 1999. When he was hired, he was presented with the employer's "Associate Arrests and Convictions Policy," which provided that employees were subject to suspension for arrests the employer deemed to be sufficiently job-related. On November 19, 2014, Dyer was arrested and charged with Third Degree Domestic Battery following an altercation with his estranged wife. He was suspended.

The Department of Workforce Services issued a Notice on December 22, 2014, denying Dyer benefits on finding that he was suspended for misconduct. He appealed to

the Appeal Tribunal and then to the Board, both of which affirmed the denial of benefits. He appeals to our court now.

On appeal from the Board, we do not conduct a de novo review; instead, we review the evidence and all reasonable inferences deductible therefrom in the light most favorable to the Board's findings of fact.[1] We will affirm the Board's findings if they are supported by substantial evidence, which is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.[2] Even when there is evidence upon which the Board might have reached a different decision, the scope of judicial review is limited to a determination of whether it could have reasonably reached its decision based upon the evidence before it.[3]

In the instant case, Dyer's suspension due to misconduct involved an off-duty activity. In order for a claimant's off-duty activities to constitute misconduct connected with the work, the employer must show, by a preponderance of the evidence, that the employee's conduct (1) had some nexus to the work, (2) resulted in some harm to the employer's interests, and (3) was in fact conduct which was (a) violative of some code of behavior contracted between employer an employee, and (b) done with intent or knowledge that the employer's interests would suffer.[4]

---

[1] *West v. Director*, 94 Ark. App. 381, 231 S.W.3d 96 (2006).

[2] *Id.*

[3] *Id.*

[4] *Feagin v. Everett*, 9 Ark. App. 59, 696 S.W.2d 839 (1983).

In affirming the conclusions of the Appeal Tribunal, the Board reasoned that a nexus existed between Dyer's off-duty activity and his work because his arrest for a violent crime showed that he could potentially have been a danger to coworkers and customers at Wal-Mart. It further opined that public knowledge of an employee's arrest would hurt the interests of the employer because customers and coworkers might question their safety. Finally, the Board noted the employer's "Associate Arrests and Convictions Policy" to satisfy the third prong of the aforementioned test, that Dyer's conduct was violative of some code of behavior contracted between him and the employer.

Here, the Board's reasoning in denying Dyer benefits lies in direct contravention to our holding in *Baldor Electric Company v. Arkansas Employment Security Department*.[5] In *Baldor*, we affirmed the award of benefits to an employee who had been discharged after pleading no contest to his second charge of domestic battery. He had been terminated pursuant to the employer's past practice of terminating employees who plead guilty to or who were found guilty of a felony. Similar to its analysis in the instant case, in *Baldor*, the Board found that there existed a nexus between the employee's conduct and the employer's desire to promote a safe working environment. However, and despite the fact that the employer had a past practice of terminating employees guilty of a felony, the Board did not find that the employee's off-duty conduct harmed the employer or was done with the intent or knowledge that the employer's interests would suffer. Accordingly, it awarded benefits.

---

[5] 71 Ark. App. 166, 27 S.W.3d 771 (2000).

The facts in *Baldor* and the facts here are nearly identical except that the employee in *Baldor* pleaded no contest twice to domestic battery during his short, two-year employment, whereas it occurred once with Dyer during a course of employment lasting approximately fifteen years. Although Dyer's conduct likely violated a reasonable standard of conduct his employer could expect of him, upon review of the record, we do not find substantial evidence that he acted with the intent or knowledge that his employer's interests would suffer or that his behavior would harm his employer.

Such off-duty conduct may be sufficient reason for an employer to sever ties with an employee, but it does not rise to the level of misconduct in connection with the work, and therefore, cannot be used as a basis for the denial of benefits.

We reverse and remand for an award of benefits.

GLADWIN, C.J., and VIRDEN, J., agree.

*Steven G. Dyer*, pro se appellant.

*Phyllis Edwards*, Associate Counsel, for appellee.