1056

Anita ROSS *v.* Charles L. DANIELS,
Director of Labor and CORRELL, INC.

CA 79-22                                   ___ S.W. 2d ___

September 19, 1979
Released for publication October 10, 1979

PER CURIAM

It is undisputed that appellant was injured in the scope of her employment on May 13, 1978; that she received temporary total disability benefits to March 9, 1979, aggregating a total sum of $3,428.57, for a period of forty-two (42) weeks and six days; that her physician found that she was able to return to light-duty work on March 9, 1979, but such work should not involve lifting, bending, twisting and stretching back muscles and that claimant sustained permanent partial disability of 10 per cent for which she was to receive forty-

three (43) and 6/7ths weeks of benefits, commencing March 9, 1979, and aggregating a total sum of $3,600.00.

Appellant's employer acknowledged that she could not be rehired because of the restrictions imposed by her physician.

On March 12, 1979, claimant made application for unemployment benefits stating that she was seeking full-time employment, but could only perform light-duty work.

The local agency determined that claimant had voluntarily left her last employment for reasons due to illness after making reasonable efforts to preserve her job rights and, accordingly, ruled that she was eligible to receive unemployment benefits.

The appellee appealed the determination of the local agency stating, as a basis of his appeal:

This will acknowledge receipt of your Notice of Decision on a contested claim involving the above captioned individual.

As your records should show, Mrs. Ross has been drawing payments from our workmen's compensation insurance for an accident sustained here at the plant. I am enclosing a copy of a letter written to Mrs. Ross under the date of March 14, 1979 which indicates that she has been drawing and will continue to draw workmen's compensation benefits. I was unaware that a person can draw unemployment insurance as well as workmen's compensation at one and the same time. If I am wrong in my assumption, we would of course have no basis for an appeal. If, however, we are right we would appeal the decision for her qualification for unemployment insurance.

The Appeals Referee on May 11, 1979, affirmed the determination of the local agency allowing claimant to receive benefits under Section 5(a) of the Arkansas Employment Security Law on the premise that she voluntarily left

her last employment for reasons of illness after reasonable efforts to preserve her job rights, but held that claimant is "currently not fully able and available for work, or doing those things a reasonably prudent individual would do to secure work, within the meaning of Section 4(c) of the Law. She would be ineligible for benefits beginning April 29, 1979, up to and including the date of the hearing, May 2, 1979."

On May 21, 1979, the Board of Review affirmed the decision of the Appeal Tribunal.

We are to decide whether the holding of the Appeal Tribunal, which was adopted by the Board of Review, denying unemployment benefits to claimant on the premise that claimant is not fully able and available for work, nor is she doing those things a reasonably prudent individual would do to secure work within the meaning of Section 4(c) of the Employment Security Law, is supported by substantial evidence.

Although claimant reported to work after being released by her physician, she was advised by her employer that there was nothing available because of the restrictive conditions imposed by her doctor.

Claimant admitted that she did not seek employment at Whirlpool or any other factory because her doctor had "ruled out" factory work; but she did affirmatively seek light work at Bruce's Market in Branch and the retail stores in Paris. Claimant also visited the vocational school at Ozark in order to enroll in a rehabilitative program. Moreover, a conference was scheduled with a Mr. Kempt at the vocational school the date of claimant's hearing before the Appeal Referee.

After carefully reviewing the record, we are not persuaded that the Board of Review's holding that claimant is not fully able and available for work or doing those things a reasonably prudent individual is expected to do in seeking work is supported by substantial evidence. Therefore, we reverse the Board of Review on this holding, but affirm the finding that appellant is eligible to receive benefits under Sec-

tion 5(a) of the Arkansas Employment Security Law.

We are persuaded that where, as here, an unemployed person, partially disabled by an industrial injury, and her physician has released her for light-duty work, may still be able to compete in the labor market and may qualify for unemployment benefits as one available for work, although she may be receiving, under the Workers' Compensation Law, partial permanent disability benefits as distinguished from temporary total disability benefits during the period of recuperation. See: *Edwards* v. *Metro Title Co.*, 133 So. 2d 411 (Fla. 1961); *Utica Mutual Insurance Company, et al* v. *Pioda*, 90 Ga. App. 593, 83 S.E.2d 627 (1954).

We find no prohibition against the receipt by a worker of unemployment compensation while receiving workers' compensation benefits under the factual situation presented.[1]

Affirmed in part and reversed in part.

---

[1]It is interesting to note that the workers' compensation act relative to temporary partial disability, Ark. Stat. Ann. §81-1313(b) and (h) provides:

(b) In case of temporary partial disability resulting in the decrease of the injured employee's average weekly wage, there shall be paid to the employee sixty-six and two thirds per cent (66 2/3%) of the difference between the employee's average weekly wage prior to the accident and his wage earning capacity after the injury.

(h) If any injured employee refuses employment suitable to his capacity offered to or procured for him, he shall not be entitled to any compensation during the continuance of such refusal, unless in the opinion of the Commission, such refusal is justifiable.

It seems plain that although an individual may be receiving workers' compensation, it is desirable that he seek employment within his capabilities. A *fortiori* an employee who is unable to find work within his capabilities should not be disentitled to receive unemployment benefits on the theory that he is not fully able and available for work.