Delia HEFTON *v.* Charles L. DANIELS,
Director of Labor

CA 80-42                                                606 S.W. 2d 379
Court of Appeals of Arkansas
Opinion delivered October 22, 1980

Appellant, *pro se*.

*Herrn Northcutt*, for appellee.

MARIAN F. PENIX, Judge. The agency held Claimant to be ineligible for benefits under the provisions of Section 4(c) of the Arkansas Employment Security Law in that she was not actively seeking work and doing those things that a reasonably prudent individual would be expected to do to secure work. The Appeals Tribunal affirmed and found the Claimant's availability for work is unduly restricted due to transportation, and she cannot be considered to be making a systematic and sustained effort to secure employment by doing those things that a reasonably prudent individual would be expected to do to secure work. She was held to be ineligible for benefits from October 7, 1979 up to and including November 16, 1979. Claimant has appealed.

On October 18, 1979, the Claimant made a statement on ESD-ARK-525 worksheet. "I have been unemployed since June of 1979. During the week ending 10/13/79 I contacted two employers for work, I have no prospects at this time." The agency determined that considering the length of Claimant's unemployment her efforts during the week ending October 13, 1979 do not constitute an active search for work.

From the record we find the Claimant testified she is seeking a factory job, or nursing home work, or grocery store work. She testified she lives five miles from Mountain View but would have transportation to Mountain View. She stated she had a 1964 Chevrolet and it wouldn't make it to and from a farther distance every day. She stated the rest of the towns were too far away.

She said she would be willing to relocate but would then

have to rent. Having to pay rent would necessitate her earning $4.00 per hour. She testified she would be available for work on the first, second, third, or rotating shifts. She testified also she had been to apply at Nu-Way on October 23, 24, and 26, and finally got "ahold" of the manager on the 26th. She said she went to apply at a nursing home on October 24 and on November 14, but was told on November 14 there were no openings. She testified she applied at UMC, a wood plant, on November 15 and also had applied at Ramsey's Hardware on November 15. She stated she had also applied at Ozark Woodwork on November 14, and had applied at the shirt factory recently. She said she applied at IGA the last of October.

Peggy Smith testified on behalf of the Claimant. She said she had been trying to get Claimant on at the shirt factory. She also said Claimant had applied at AP & L and also at the water company.

The Claimant stated if she were to work any place other than Mountain View it would require her driving 100 miles each day. the Claimant did find employment at Oak Grove Lodge Nursing Home on November 22, 1979 and is now working there.

We hesitate to reverse the findings of the Appeals Tribunal and the Board of Review. However, in this case, we find the record reflects a woman not highly skilled trying to find work in a sparsely populated area where work for which she would qualify is scarce. She readily said she would have transportation to and from Mountain View. However, she said she could not relocate unless her pay was at least $4.00 per hour. We find the Claimant's statements and efforts to be those of a reasonably prudent individual actively seeking work for which she would qualify. Finding the decision of the Board of Review is not supported by substantial evidence, we must reverse. *Ross* v. *Charles L. Daniels, Director of Labor*, 266 Ark. 1056 (1979).

Reversed.