Steve W. GUNTER *v.* DIRECTOR,
Employment Security Department and BWJ Electric Service

E03-49      107 S.W.3d 902

Court of Appeals of Arkansas
Division I
Opinion delivered May 28, 2003

*Appellant,* pro se.

*Allan F. Pruitt,* for appellees.

OLLY NEAL, Judge. On appeal, appellant Steve Gunter challenges the Board's denial of benefits. The Board determined that appellant voluntarily and without good cause connected to work left his last work with BWJ Electric Service. As substantial evidence does not support the Board's decision, we reverse and remand for an award of benefits.

In unemployment compensation cases, findings of fact by the Board are conclusive if supported by substantial evidence, and review by this court is limited to determining whether the Board could reasonably reach its decision upon the evidence before it. *Hiner v. Director,* 61 Ark. App. 139, 965 S.W.2d 785 (1998). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Rollins v. Director,* 58 Ark. App. 58, 945 S.W.2d 410 (1997). This court reviews the evidence and all reasonable inferences deducible therefrom in a light most favorable to the Board's findings. *Barber v. Director,* 67 Ark. App. 20, 992 S.W.2d 159 (1999). We do not conduct a *de novo* review of the evidence in an appeal from a Board decision. *Hiner, supra.* Even when there is evidence upon which the Board might have reached a different decision, the scope of judicial review is limited to a determination of whether the Board could reasonably reach its decision upon the evidence before it. *Niece v. Director,* 67 Ark. App. 109, 992 S.W.2d 169

(1999). An administrative agency, like a jury, is free to believe or disbelieve any witness, and the appellate court gives the evidence its strongest probative force to support the administrative decision. *Singleton v. Smith*, 289 Ark. 577, 715 S.W.2d 437 (1986).

■■ Gunter was denied benefits pursuant to Ark. Code Ann. § 11-10-513 (Repl. 2002) on the finding that he voluntarily and without good cause connected with the work, left his last work. "In determining . . . the existence of good cause, there shall be considered the degree of risk involved to his health, safety and morals, his physical fitness and prior training, his experience and prior earnings, the length of his unemployment, his prospects for obtaining work in his customary occupation, and the distance of available work from his residence, and prospects for obtaining local work." Ark. Code Ann. § 11-10-515(c)(1) (Repl. 2002). "Good cause" has been defined as "a cause that would reasonably impel the average able-bodied, qualified worker to give up his or her employment." *Ahrend v. Director*, 55 Ark. App. 71, 930 S.W.2d 392 (1996); *Teel v. Daniels*, 270 Ark. 766, 769, 606 S.W.2d 151, 152 (Ark. App. 1980). It is dependent not only on the reaction of the average employee, but also on the good faith of the employee involved, which includes the presence of a genuine desire to work and to be self-supporting. *Id.* The question of what is good cause must be determined in the light of the facts in each case. *Barber, supra.*

Gunter testified that he worked for his employer from August of 2001 to August of 2002 as an assistant to his son-in-law, journeyman electrician Jason McElhaney. He stated that he quit because of the verbal and physical abuse to him by McElhaney. Gunter described several instances of physical abuse, even one incident that occurred in front of BWJ Electric Service co-owner James Shelton. Gunter stated that when Mr. Shelton observed Mr. McElhaney choking him, "he was standing right there and Jason grabbed me by the neck and started screaming and cursing and James just stood there and looked at us . . . he didn't say anything, he just looked at us. He [was] less than 10 feet away, if that far." Thereafter, an altercation took place where McElhaney attacked Gunter at home. Gunter subsequently called co-owner Bruce Steinhardt and told him:

"Bruce this is Steve, I don't know what Jason told you about what happened," I said, "I can't work with him and I quit. I just can't work with him," and, I said, "with him treating me like that I can't work with him." And Mr. Steinhardt said, "Take care of yourself, goodbye."

■ In making its determination, the Board stated that it looked to the degree of risk to Gunter's health and determined that he was verbally abused and physically attacked by his supervisor, once in the presence of the co-owner of the business. The Board further recognized that while verbal and/or physical attack of an employee by a supervisor or co-worker could constitute good cause, the question became whether or not Gunter "took appropriate steps to prevent the mistreatment from continuing." *See Teel v. Daniels, supra.* Such reasonable efforts included taking appropriate measures to prevent an unsatisfactory situation on the job from continuing. *Id.* However, an employee is not required to take measures to resolve a problem with his employer if such measures would constitute nothing more than a futile gesture. *Oxford v. Daniels,* 2 Ark. App. 200, 618 S.W.2d 171 (1981).

■ Viewing the evidence in the light most favorable to the Board, we hold that the Board's finding that Gunter voluntarily quit his employment without good cause connected to the work is not supported by substantial evidence. Gunter testified as to the verbal and physical abuse to which he was subjected. In one instance, he even stated that a co-owner was present. In its opinion, the Board announced that "although the employer was obviously aware of the situation between the claimant and his son-in-law/supervisor, it may have considered that the two were engaged in horseplay, given that the claimant did not advise the employer otherwise." This finding is not supported by the record and is an assumption of the Appeal Tribunal and the Board. The only evidence before the Board was Gunter's testimony, as the Appeal Tribunal could not, after several attempts, reach BWJ Electric Service for the hearing. No reading of Gunter's testimony can support such a finding. Therefore, we reverse and remand for an award of benefits.

Reversed and remanded for award of benefits.

GLADWIN and ROBBINS, JJ., agree.