Sanford BUCHANAN *v.*
DIRECTOR, Arkansas Employment Security Department

E 04-389                                                      207 S.W.3d 567

Court of Appeals of Arkansas
Opinion delivered April 27, 2005

Sanford Buchanan, pro se.

Phyllis A. Edwards, for appellee.

WENDELL L. GRIFFEN, Judge. In this unbriefed employment security case, Sanford Buchanan appeals the Board of Review's denial of his claim for unemployment benefits. The Board determined that appellant was not eligible for benefits because he did not have transportation or a driver's license. We hold that, as a matter of law, mere lack of personal transportation and a driver's license does not constitute unavailability for suitable work. Accordingly, we reverse the decision of the Board of Review and remand for benefits.

The Employment Security Department denied benefits pursuant to Ark. Code Ann. § 11-10-507(3)(A) (Repl. 2002), which requires that a person be unemployed, physically and mentally able to perform suitable work, available for such work, and doing things that a reasonably prudent individual would be expected to do to secure work before being entitled to employment security benefits. At the telephone conference before the Arkansas Appeals Tribunal, appellant testified that he had no transportation. He generally relied on a relative to take him to work. Occasionally, a coworker would take him to work if he and the coworker worked the same shift. However, his former employer introduced a policy requiring all employees to have a valid driver's license. Appellant explained that he was terminated because he did not have a driver's license. He also remarked that most employers in Little Rock require their employees to have transportation.

The Appeals Tribunal found that appellant's lack of transportation and a driver's license made him unavailable for suitable work. The Board of Review affirmed and adopted the Tribunal's decision, specifically finding that "[appellant's] lack of transportation unreasonably limits his job market." This appeal followed.

We affirm the decision of the Board of Review if it is supported by substantial evidence. *Billings v. Director*, 84 Ark. App. 79, 133 S.W.3d 399 (2003). Substantial evidence is such relevant evidence as reasonable minds might accept as adequate to support a conclusion. *Id.* We view the evidence and all reasonable inferences therefrom in the light of the Board's findings. *Id.* Like a jury, an administrative body is free to accept or reject the testimony of witnesses. *Gunter v. Director*, 82 Ark. App. 346, 107 S.W.3d 902 (2003). Even if the evidence could support a different decision, our review is limited to whether the Board could have reasonably reached its decision based upon the evidence presented. *Billings v. Director, supra.*

■ The Board of Review's finding that appellant was unavailable for work was based on appellant's lack of transportation. The public policy of employment security law is to set aside resources to be used for the benefit of people who are unemployed through no fault of their own. *Sanyo Mfg. Corp. v. Stiles*, 17 Ark. App. 20, 702 S.W.2d 421 (1986). To that end, we reversed the Board of Review and held that a claimant, who was not highly skilled, lived in an area where work available for her was sparse, and had transportation but could not relocate unless the job payed at least $4.00 per hour, was not unavailable to work. *Hefton v. Daniels*, 270 Ark. 857, 606 S.W.2d 379 (Ark. App. 1980). We also reversed a decision of the Board when it denied benefits to a claimant who was receiving workers' compensation benefits for permanent-partial benefits but was released by her doctor to do light-duty work. *Ross v. Daniels*, 266 Ark. 1056, 599 S.W.2d 390 (Ark. App. 1980).

Our case law supports the general principle that a reduction in the amount of work available to a claimant is insufficient reason to find that the claimant is unavailable to work. True, claimants may be in a position where the amount of employment available to them is severely limited due to some general inability. The claimant's potential job prospects in *Hefton* were severely limited by her lack of skills and location. The claimant in *Ross* was limited by her permanent-partial disability. Yet, these claimants were available to work.

■ With these principles in mind, we hold that mere lack of transportation and a driver's license does not constitute unavailability to work under employment security law. We have found no Arkansas statute, court decision, or administrative ruling that

requires personal transportation or a valid driver's license. We are mindful that many employment opportunities will be unavailable to appellant; however, as long as there exists employment that does not require appellant to have a driver's license, he is available to work. Accordingly, we reverse the decision of the Board of Review and remand this case for a determination of benefits.

Reversed and remanded.

GLADWIN and BAKER, JJ., agree.