## Otis L. McDANIEL *v.* DIRECTOR, DEPARTMENT of WORKFORCE SERVICES

E 08-92                                                288 S.W.3d 281

Court of Appeals of Arkansas
Opinion delivered October 1, 2008

No briefs filed.

ROBERT J. GLADWIN, Judge. In this unbriefed employment-security case, Otis L. McDaniel appeals the Board of Review's denial of his claim for unemployment benefits. The Board determined that appellant was not eligible for benefits because he was unable to perform suitable work. We hold that the Board's decision is not supported by substantial evidence and reverse and remand for an award of benefits.

Appellant worked as a truck driver for approximately forty-one years. This job required him to lift up to forty-five pounds and to push and pull heavy objects. In July 2007, appellant sustained a work-related back injury. He was temporarily placed in a job that required lifting up to nineteen pounds. Subsequently, the employer had no more light-duty work available for appellant. He was instructed to make two job contacts per week. He applied for jobs with an auto center, a counseling service, a Western Auto store, and a Fred's store.

The Department of Workforce Services denied benefits pursuant to Arkansas Code Annotated section 11-10-507(3)(A)

(Repl. 2002), which requires that a person be unemployed, physically and mentally able to perform suitable work, available for such work, and doing things that a reasonably prudent individual would be expected to do to secure work. The appeals tribunal found that appellant was not available for suitable work because he primarily had been a truck driver and could no longer meet the requirement of lifting forty-five pounds because of his medical restrictions.

We affirm the decision of the Board of Review if it is supported by substantial evidence. *Coker v. Director*, 99 Ark. App. 455, 262 S.W.3d 175 (2007). Substantial evidence is such relevant evidence as reasonable minds might accept as adequate to support a conclusion. *Id.* We view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Id.* Even if the evidence could support a different decision, our review is limited to whether the Board could have reasonably reached its decision based on the evidence presented. *Id.*

■ The issue here was addressed in our case *Ross v. Daniels*, 266 Ark. 1056, 599 S.W.2d 390 (Ark. App. 1979). In that case, Ms. Ross was injured and was returned to work with light-duty restrictions. Her employer acknowledged that she could not be rehired because of the restrictions imposed by her physician. We stated:

> We are to decide whether the holding by the appeal tribunal which was adopted by the Board of Review, denying unemployment benefits to the claimant on the premise that claimant is not fully able and available for work, nor is she doing those things a reasonable prudent individual would do to secure work within the meaning of Section 4(c) of the Employment Security law is supported by substantial evidence.

*Ross*, 266 Ark. at 1058, 599 S.W.2d at 391. Additionally, in *Ross*, we held that,

> [W]here, as here, an unemployed person, partially disabled by an industrial injury and her physician has released her for light duty work, may still be able to compete in the labor market and may qualify for unemployment benefits as one available for work, although she may be receiving, under Workers' Compensation Law, partial-permanent-disability benefits as distinguished from temporary-total benefits during the period of recuperation. *See Edwards v. Metro Title Co.*, 133 S.W.2d 411 (Fla. 1961). *Utica Mutual Insurance Co., et al v. Pioda*, 90 Ga. App. 593, 83 S.E.2d 627 (1954).

*Ross*, 266 Ark. at 1059, 599 S.W.2d at 391-92. Like the claimant in *Ross*, appellant was able to do light-duty work within his physician's restrictions. Therefore, he was available for suitable work and, by applying for other positions, he made himself available for work within his functional capacity. We reverse and remand for the award of benefits.

Reversed and remanded.

ROBBINS and BIRD, JJ., agree.