

# ARKANSAS COURT OF APPEALS

DIVISION I
No. E-13-426

|  |  |
|---|---|
| | **Opinion Delivered** December 4, 2013 |
| GLORIA HUCK<br>APPELLANT | |
| V. | APPEAL FROM THE ARKANSAS<br>BOARD OF REVIEW<br>[NO. 2013-BR-805] |
| DIRECTOR, DEPARTMENT OF<br>WORKFORCE SERVICES, and KLEIN<br>TOOLS INC.<br>APPELLEES | REVERSED and REMANDED |

## WAYMOND M. BROWN, Judge

Gloria Huck appeals the Board of Review's denial of her claim for unemployment benefits. The Board determined that Huck was not eligible for benefits because she was unable to perform suitable work. We hold that the Board's decision is not supported by substantial evidence and reverse and remand for an award of benefits.

Huck worked as a general laborer for Klein for approximately seventeen years. Her job required her to use her left wrist to sew and turn bags. She took a medical leave in October 2012, and subsequently had surgery on her left wrist on December 18, 2012. On January 11, 2013, Huck's physician released her to return to work with the restriction of no use of her left wrist. Klein did not have any light-duty work available for Huck to satisfy this restriction.

SLIP OPINION

The Department of Workforce Services denied benefits pursuant to Arkansas Code Annotated section 11–10–507(3)(A),[1] which requires that a person be unemployed, physically and mentally able to perform suitable work, available for such work, and doing things that a reasonably prudent individual would be expected to do to secure work. The Appeal Tribunal found that Huck was not able to perform suitable work because her work history was that of a full-time worker, and her job duties required her to use her left wrist, which she was unable to use due to restrictions. The Board affirmed and adopted this opinion.

On appeal from the Board of Review, we do not conduct a de novo review; instead, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings of fact.[2] We will affirm the Board's findings if they are supported by substantial evidence, which is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.[3] Even when there is evidence upon which the Board might have reached a different decision, the scope of judicial review is limited to a determination of whether it could have reasonably reached its decision based upon the evidence before it.[4]

Here, there was no indication that Huck was unable to do light–duty work within her physician's restrictions. The Appeal Tribunal failed to take evidence on any of the other

[1](Repl. 2012).

[2]*West v. Dir.*, 94 Ark. App. 381, 231 S.W.3d 96 (2006).

[3]*Id.*

[4]*Id.*

requirements listed in the statute. However, substantial evidence does not support the reason given for denying Huck benefits. An unemployed person released for light-duty work by her physician may still be able to compete in the labor market and perform suitable work.[5] There was no evidence to suggest that Huck could not perform work within her physician's restrictions. Therefore, she was able to perform suitable work. We reverse and remand for an award of benefits.

Reversed and remanded.

WHITEAKER and VAUGHT, JJ., agree.

*Gloria M. Huck*, pro se appellant.

*Phyllis A. Edwards*, for appellee.

---

[5]*See McDaniel v. Dir.*, 103 Ark. App. 231, 288 S.W.3d 281 (2008) (citing *Ross v. Daniels*, 266 Ark. 1056, 599 S.W.2d 390 (Ark. App. 1979)).