

# ARKANSAS COURT OF APPEALS

DIVISION III
No. E-13-905

| | |
|---|---|
| | **Opinion Delivered** March 19, 2014 |
| RAY ROBERTS, III | APPEAL FROM THE ARKANSAS |
| APPELLANT | BOARD OF REVIEW [NO. 2013-BR-02322] |
| V. | |
| DIRECTOR, DEPARTMENT OF WORKFORCE SERVICES, and HALL MFG., INC. | |
| APPELLEES | REVERSED AND REMANDED |

**WAYMOND M. BROWN, Judge**

Ray Roberts, III, appeals from the Arkansas Board of Review's denial of unemployment benefits after it found that he had been dismissed due to misconduct. Finding error, we reverse for an award of benefits.

Roberts was employed from November 1987 through April 8, 2013. He was an assistant supervisor at the time of his discharge. On the morning of April 8, 2013, Roberts learned that one of his subordinate employees was being let go for falsifying mileage records. When Roberts subsequently learned that he was being dismissed as well, he initially surmised that it had to do with the subordinate's misconduct. He was later told by his supervisor that the reason for termination was the elimination of his position, and that he was entitled to a severance package due to the downsizing.



Roberts applied for unemployment compensation and detailed the incident regarding the subordinate employee on his paperwork. He also indicated that he [Roberts] had been discharged for negligently supervising the employee on the same form.

The tribunal issued a determination of benefits noting: "On April 8, 2013, the employer told the claimant his position was being eliminated. The claimant was offered a severance package, and terminated." The tribunal denied benefits relying, instead, on claimant's account, and found that to be misconduct pursuant to Ark. Code Ann. § 11-10-514.

Roberts timely appealed the decision, and testified during a telephone hearing that he was terminated due to a layoff. The employer did not respond to requests for information by the Department of Workforce Services, or appear at the telephone hearing.

The Board of Review affirmed the tribunal's decision finding Roberts' application entries regarding the discharge more credible than his sworn testimony to the contrary. We find that the weight of the evidence does not support denying benefits, and reverse and remand for an award.

On appeal from the Board of Review, we do not conduct a de novo review; instead, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings of fact.[1] We will affirm if they are

---

[1] *West v. Dir.*, 94 Ark. App. 381, 231 S.W.3d 96 (2006).

SLIP OPINION

supported by substantial evidence.[2] Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion.[3] Even when there is evidence on which the Board might have reached a different decision, the scope of judicial review is limited to a determination of whether the Board could reasonably reach its decision on the evidence before it.[4] In our review, we do not pass on the credibility of witnesses; that is a matter that is left to the Board of Review.[5]

Whether an employee's actions constitute misconduct in connection with the work sufficient to deny unemployment benefits is a question of fact for the Board.[6] A person shall be disqualified from receiving unemployment benefits if it is determined that the person was discharged from his or her last work on the basis of misconduct in connection with the work.[7] The employer has the burden of proving by a preponderance of the evidence that an employee engaged in misconduct.[8]

"Misconduct" involves disregard of the employer's interest, violation of the employer's rules, disregard of the standards of behavior the employer has a right to expect of its employees, and disregard of the employee's duties and obligations to the employer.[9] It requires more than mere inefficiency, unsatisfactory conduct, failure in good

---

[2]*Crisp v. Dir.*, 2013 Ark. App. 219; *Bergman v. Dir.*, 2010 Ark. App. 729, 379 S.W.3d 625; *Walls v. Dir.*, 74 Ark. App. 424, 49 S.W.3d 670 (2001).

[3]*Id.*

[4]*See McDaniel v. Dir.*, 103 Ark. App. 231, 288 S.W.3d 281 (2008)(citing *Ross v. Daniels*, 266 Ark. 1056, 599 S.W.2d 390 (Ark. App.1979)).

[5]*Crisp, supra*; *Bergman, supra*.

[6]*Thomas v. Dir.*, 55 Ark. App. 101, 931 S.W.2d 146 (1996).

[7]Ark. Code Ann. § 11–10–514(a)(1) (Supp. 2011).

[8]*Grigsby v. Everett*, 8 Ark. App. 188, 649 S.W.2d 404 (1983).

[9]*Ivy v. Dir.*, 2013 Ark. App. 381.

SLIP OPINION

performance as a result of inability or incapacity, inadvertencies, ordinary negligence in *isolated* instances, or good-faith errors in judgment or discretion.[10]

We have also made clear that conduct that may well provide a sufficient basis for the discharge of an employee may not be sufficient to deny the same employee unemployment benefits. The two inquiries are entirely different. "To conclude that there has been misconduct for unemployment-insurance purposes, we have long required an element of intent: mere good-faith errors in judgment or discretion and unsatisfactory conduct are not misconduct *unless they are of such a degree or recurrence as to manifest culpability, wrongful intent, evil design, or intentional disregard of an employer's interest.*"[11]

The only evidence in the record regarding "misconduct" was provided by claimant when he completed certain forms in connection with his application for benefits. He offered, by way of explanation for his discharge after more than twenty-five years with the employer, that his subordinate employee engaged in conduct contrary to the employer's interest that he, as the supervisor, should have discovered. Nothing here suggests intentional conduct, a pattern or practice of disregard, or even indifference to the standard of conduct the employer had a right to expect. The employer did not respond to inquiries from the department as to the reasons for discharge, offer testimony during the hearing, or in any other way refute that Roberts was laid off. In fact, the employer could have avoided paying any severance by asserting misconduct was their reason for terminating Roberts. However, as it turns out, claimant was not discharged for that

---

[10]*Id.* (Emphasis added.)
[11]*Id.* at 3. (Emphasis added.)

 

reason at all. Moreover, negligent supervision as described by claimant in this instance does not meet the caliber of disregard for an employer's interests that we have set for disqualification under the statute. There is no evidence of a pattern or practice of negligence, prior disciplinary action, or even a complaint from the employer regarding Roberts' conduct as an assistant supervisor.

The record shows that the employer laid off Roberts because his position was eliminated. The employer offered a severance package; Roberts was entitled to receive four weeks' pay, among other considerations, due to forced unemployment. It was not considered by the Board. Claimant's testimony during the hearing substantiated that his position being eliminated was the only reason for his termination.

The conclusion that the employer discharged claimant for misconduct cannot be sustained; to the contrary, the provision of four weeks' severance pay reinforces that the termination decision was caused by downsizing.

We have not reviewed the Board's determination of credibility during our review of the record here. We note that the credibility of claimant's testimony was not at issue here in reaching a determination as to his eligibility for benefits.

Ark. Code Ann. §11-10-514(d)(1) states that, "[a]n individual shall not be deemed guilty of misconduct for poor performance in his or her job duties *unless the employer can prove that the poor performance was intentional.*" As has already been stated, the employer never provided any information at all regarding misconduct. The only employer's representation surrounding the facts of discharge is embodied in the severance communication, a certified letter to claimant dated the same day he was terminated.

SLIP OPINION

Another letter from the employer was subsequently provided by claimant along with his appeal to this court.

The employer did not appear at the hearing or offer any rebuttal to claimant's assertions. "Even though appellant was the only witness at the hearing, the testimony of a party cannot be taken as undisputed. However, such testimony cannot be arbitrarily disregarded; there must be some basis for disbelieving it."[12]  Here the weight of evidence in the record demonstrates Roberts was discharged due to the elimination of his position. Accordingly, the decision of the Board is reversed, and the case remanded for an award of unemployment compensation.

Reversed and Remanded.

HIXSON and HARRISON, JJ., agree.

*Ray Roberts, III*, pro se appellant.

*Phyllis Edwards*, Associate General Counsel, for appellee.

---

[12]*Butler v. Director of Labor*, 3 Ark. App. 229, 624 S.W.2d 448 (1981).