

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** E–15–400

| | |
|---|---|
| DAN L. SANDERS<br>APPELLANT<br><br>V.<br><br>DIRECTOR, DEPARTMENT OF<br>WORKFORCE SERVICES<br>APPELLEE | **Opinion Delivered** February 24, 2016<br><br>APPEAL FROM THE ARKANSAS<br>BOARD OF REVIEW<br>[NO. 2015-BR-940]<br><br>AFFIRMED |

### M. MICHAEL KINARD, Judge

Dan L. Sanders appeals from a decision of the Arkansas Board of Review (1) denying his claim for unemployment benefits on account of misconduct in connection with the work and (2) imposing an additional disqualification from future benefits on account of his making a false statement of material fact when filing his claim with the Department of Workforce Services. He argues that the evidence is insufficient to support either finding. We affirm.

The standard of review to be followed in such cases is clear:

> We do not conduct a de novo review in appeals from the Board of Review. In appeals of unemployment compensation cases we instead review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board of Review's findings. The findings of fact made by the Board of Review are conclusive if supported by substantial evidence; even when there is evidence upon which the Board might have reached a different decision, the scope of judicial review is limited to a determination of whether the Board could have reasonably reached its decision based on the evidence before it. Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion.

*Barnard v. Director*, 2013 Ark. App. 143, at 2 (quoting *Valentine v. Director*, 2012 Ark. App. 612, at 3). It is also clear that the credibility of the witnesses and the weight to be accorded their testimony are matters to be resolved by the Board of Review, *Barnard*, *supra*; like a jury, an administrative body is free to believe or disbelieve the testimony of any witness. *Gunter v. Director*, 82 Ark. App. 346, 107 S.W.3d 902 (2003).

Here, the only issue presented is the sufficiency of the evidence. From our review of the record, we conclude that the Board's findings are supported by substantial evidence. Therefore, we affirm the Board's decision by this memorandum opinion pursuant to section (a) of *In re Memorandum Opinions*, 16 Ark. App. 301, 700 S.W.2d 63 (1985).

Affirmed.

WHITEAKER and HIXSON, JJ., agree.

*Julie A. Howe*, Center for Arkansas Legal Services, for appellant.

*Gregory Ferguson*, for appellee, Daryl E. Bassett, Director.