Cite as 2022 Ark. App. 194

# ARKANSAS COURT OF APPEALS

DIVISION I
No. E-21-387

| | |
|---|---|
| ANDREW BUSHNELL<br>APPELLANT<br><br>V.<br><br>DIRECTOR, ARKANSAS DEPARTMENT OF COMMERCE, DIVISION OF WORKFORCE SERVICES<br>APPELLEE | Opinion Delivered May 4, 2022<br><br>APPEAL FROM THE ARKANSAS BOARD OF REVIEW [2021-BR-01339]<br><br><br><br>REVERSED AND REMANDED |

## N. MARK KLAPPENBACH, Judge

Appellant Andrew Bushnell appeals the Board's denial of his request for unemployment benefits for the weeks of April 4 through June 6, 2020. His claims for those weeks were rejected as untimely. We reverse and remand.

Bushnell filed a claim for unemployment insurance benefits on March 30, 2020. He filed his claim in Arkansas although he also earned wages in Texas. The agency requested proof of Bushnell's out-of-state wages to determine Bushnell's eligibility for benefits. Bushnell promptly provided his Texas wage information. Bushnell attempted to file claims online every week but was met with a message that he was not eligible. He called the unemployment phone line almost daily, and he went to the local office three times while the decision was pending. The Division of Workforce Services had misplaced the Texas wage records and did not find them until June 2020. Bushnell was then permitted to file written

claims for the weeks of April 4 through June 20, 2020, to ask that those claims be considered timely.

The Department of Workforce Services issued an agency decision finding that Bushnell's claims were untimely and that he had failed to show good cause to permit backdating of the weekly claims. Bushnell appealed to the Appeal Tribunal, which conducted a hearing and found that Bushnell was entitled to two weeks (the weeks ending June 13 and June 20) of backdated claims because the delay in filing was due to good cause. The Appeal Tribunal recognized that Bushnell provided the Texas wage information the day after it was requested, recognized all the efforts Bushnell made to keep his weekly filing in compliance with the law, and agreed that Bushnell was not successful in getting his claims processed "due to circumstances beyond his control." The Appeal Tribunal recited that the applicable law limited backdating to fourteen days in this circumstance. Bushnell appealed again to the Board of Review, which acknowledged that the delay in processing was due to the claimant's earning wages in two states but stated that this was not an extraordinary circumstance. The Board found that the Appeal Tribunal's decision was correct in its findings of fact and conclusions of law, so the Board affirmed and adopted the decision of the Appeal Tribunal. This appeal followed.

Bushnell argues that he did everything he could to properly file his claim on a weekly basis. Bushnell contends that it is undisputed that it was the agency's fault that his Texas wage information was misplaced and the agency's fault for the delay in his claims being processed properly. He argues that, in that circumstance, he should have been permitted to

2

backdate his claim for more than two weeks, which is specifically permitted by law. We agree with Bushnell.

Bushnell was required to comply with Arkansas Code Annotated section 11-10-507 by making a claim for benefits for each week in accordance with the Workforce Services' regulations. As relevant here, Bushnell was required to comply with Regulation 14(b):

> (G) An initial, additional, reopened or continued claim, if filed either by telephone, electronically via the Internet or, in person, shall be considered to have been filed on the date it is received by the Agency. If mailed, such claim shall be considered to have been filed on the date of its postmark. Except that, *if it is determined by the Agency that a delay in the filing or any claim was due to good cause, it may be considered to have been filed on a date no earlier than fourteen (14) days prior* to the date the claim, if filed in person, by telephone, or electronically via the Internet was received by the Agency or, if filed by mail, was postmarked. *Provided however, the Director at his discretion may waive the restrictions in this Paragraph (G) if he finds that extraordinary circumstances exist and equity and justice require such waiver.* All such waivers shall be reported to the Employment Security Department Advisory Council.

Code Ark. R. 003.20.2-14(b) (emphasis added). In short, the Appeal Tribunal and the Board found that Bushnell established "good cause" for the late filings but not "extraordinary circumstances" in which "equity and justice" would require a waiver of the tardiness of his filings.

We affirm Board of Review decisions when they are supported by substantial evidence. *Robinson v. Dir.*, 2021 Ark. App. 485, 638 S.W.3d 29. Substantial evidence is that which reasonable minds might accept as being adequate to support a conclusion. *Garrett v. Dir.*, 2014 Ark. 50, 2014 WL 495124. We view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Id.* Even if the evidence could support a different decision, we limit our review to whether the Board could

3

have reasonably reached its decision on the evidence presented. *Id.* However, our function on appeal is not merely to rubber-stamp decisions arising from the Board. *Robinson*, *supra*.

We hold that the Board's decision is not supported by substantial evidence. Regulation 14 permits backdating for two weeks for "good cause," but it further permits waiver of the limits of backdating if "extraordinary circumstances exist and equity and justice require such waiver." It is undisputed that Bushnell was requested to, and did promptly, provide proof of his Texas wages. The Appeal Tribunal recited that Bushnell provided those records in April 2020 within a day of being asked. It is also undisputed that it was the fault of the Division of Workforce Services that those records were misplaced and not found until June 20, 2020. Bushnell did everything he could to file claims on a weekly basis and kept in contact with the agency by phone, in person, by mail, and online. With the fault resting solely on the Division of Workforce Services in the delay, we hold that this situation is an "extraordinary circumstance" such that "equity and justice require such waiver" of the two-week limitation on backdating Bushnell's claims.

Reversed and remanded.

GLADWIN and HIXSON, JJ., agree.

*Andrew Bushnell*, pro se appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.