Cite as 2022 Ark. App. 455

# ARKANSAS COURT OF APPEALS
### DIVISION III
#### No. E-21-642

| | | |
|---|---|---|
| MONIQUE MILLER | | Opinion Delivered November 9, 2022 |
| | APPELLANT | |
| | | APPEAL FROM THE ARKANSAS |
| | | BOARD OF REVIEW |
| V. | | [NO. 2021-BR-02793] |
| | | |
| DIRECTOR, DIVISION OF | | |
| WORKFORCE SERVICES | | REVERSED AND REMANDED FOR |
| | | ADDITIONAL FINDINGS |
| | APPELLEE | |

## STEPHANIE POTTER BARRETT, Judge

Monique Miller appeals the denial of unemployment benefits from the Arkansas Board of Review based on its finding she did not show good cause for backdating claims pursuant to Ark. Code Ann. § 11-10-507(1) (Supp. 2021). We reverse and remand to the Board for further findings of fact consistent with this opinion.

Ms. Miller, an Arkansas resident working in Tennessee, was laid off from Memphis Mill Services on March 17, 2020, due to the COVID-19 pandemic. Ms. Miller was instructed by her employer to file for unemployment insurance (UI) benefits in Tennessee because that was the state where she was employed. However, after filing in Tennessee, Ms. Miller was told by the Tennessee Department of Labor and Workforce Development to file for UI in her state of residency. Ms. Miller began filing claims in Arkansas from April 11 through

August 1, 2020. Ms. Miller was informed she could not file for UI benefits in Arkansas until her claim in Tennessee was closed, which took approximately five months.

Once her Tennessee claim was closed, Ms. Miller filed for UI benefits in Arkansas, requesting that her claim be backdated from April 11 through August 1, 2020. On April 8, 2021, the Division of Workforce Services issued a "Notice of Agency Determination" to Ms. Miller finding she had not shown good cause for backdating claims under Ark. Code Ann. § 11-10-507(1). Ms. Miller filed a timely appeal of that decision to the Appeal Tribunal, which conducted a hearing on June 4, 2021, and affirmed the Division's determination. Ms. Miller then timely appealed to the Board of Review. The Board found that because Ms. Miller had the ability to file her initial claim at an earlier date, she did not establish good cause for backdating her claim.

We affirm Board of Review decisions when they are supported by substantial evidence. *Robinson v. Dir.*, 2021 Ark. App. 485, 638 S.W.3d 29. Substantial evidence is that which reasonable minds might accept as being adequate to support a conclusion. *Bushnell v. Dir.*, 2022 Ark. App. 194, 645 S.W.3d 24. We view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Id.* Even if the evidence could support a different decision, we limit our review to whether the Board could have reasonably reached its decision on the evidence presented. *Id.* However, our function on appeal is not merely to rubber-stamp decisions arising from the Board. *Bushnell*, *supra.*

We hold that the Board's decision is not supported by substantial evidence. Ark. Code Ann. § 11-10-507(1) provides that an insured worker shall be eligible for benefits with respect to any week only if the director of the Division of Workforce Services finds that he or she has made a claim for benefits with respect to such week in accordance with such rules as the director may describe. Regulation 14(b)(G) of the Arkansas Division of Workforce Services contemplates this very issue, stating, "If a claimant files an initial claim for unemployment compensation against another state and fails to establish a valid claim, is faced with an indefinite postponement of benefits, or withdraws from a wage combining arrangement, his subsequent Arkansas initial claim for benefits shall be considered to have been filed on the date his original initial claim was filed against the other state." 003.20.2 Ark. Admin. Code § 14(b)(G) (WL current with amendments received through May 15, 2022). It is undisputed that Ms. Miller was instructed by her employer to file her initial claim in Tennessee and was subsequently unable to establish a valid claim until filing in Arkansas. Therefore, under Regulation 14, we must reverse the Board's determination that Ms. Miller did not show good cause for backdating her claims. Regulation 14 provides that her initial claim should have been considered filed on the date she first filed in Tennessee. Evidence of when Ms. Miller filed her initial claim for UI benefits in Tennessee is not before us. Whether sufficient findings of fact have been made is a threshold question in an appeal from an administrative board. *Vallaroutto v. Alcoholic Beverage Control Bd.*, 81 Ark. App. 318, 101 S.W.3d 836 (2003). It is the responsibility of the state agency to make findings of fact, and this court cannot review an agency decision in the absence of adequate and complete findings

3

on all essential elements pertinent to the determination. *Sw. Bell Tel., L.P. v. Dir.*, 88 Ark. App. 36, 194 S.W.3d 790 (2004). We reverse and remand to the Board for further findings on the issue of when Ms. Miller filed her original claim for UI benefits in Tennessee as contemplated by Ark. Code Ann. § 11-10-507(1) and Regulation 14(b)(G) of the Arkansas Division of Workforce Services.

Reversed and remanded for additional findings.

HARRISON, C.J., and MURPHY, J., agree.

*Monique Miller*, pro se appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.