Cite as 2023 Ark. App. 175

# ARKANSAS COURT OF APPEALS
DIVISION II
No. E-22-87

| | |
|---|---|
| AMANDA KEATHLEY<br><br>                                    APPELLANT<br><br>V.<br><br><br>DIRECTOR, DEPARTMENT OF<br>WORKFORCE SERVICES; AND<br>SOUTHERN WHOLESALE FLORIST<br>                                    APPELLEES | Opinion Delivered March 29, 2023<br><br>APPEAL FROM THE ARKANSAS<br>BOARD OF REVIEW<br><br>[NO. 2021-BR-04021]<br><br><br><br><br><br>REVERSED |

## STEPHANIE POTTER BARRETT, Judge

Amanda Keathley appeals the Board of Review's decision affirming the Appeal Tribunal's decision that she was not eligible for benefits under Ark. Code Ann. § 11-10-507(3)(A) (Supp. 2021) from February 27 through May 29, 2021, because she was unavailable for work. The issue before us is whether substantial evidence supports the Board's decision. We reverse.

Keathley worked full time for Southern Wholesale Florist for seven years. Her duties consisted of making sales and filling orders at the floral business. Beginning on January 4, 2021, Keathley was off work due to a positive COVID-19 diagnosis. In her unemployment application, Keathley stated she was on medical leave until February 16, 2021. Keathley provided a doctor's note saying she underwent treatment for COVID. Due to a snowstorm, Keathley returned to work when Southern Wholesale opened on February 20, 2021. She worked at her desk all day

and took care of customers. At the end of the day, Keathley's bosses, Misty Gatson and Jack Gatson, called her into their office and told her that she could not come back until they felt as though she was more fully recovered from COVID. The Gatsons held her position open until they found out she accepted another job on May 31, 2021.

On July 19, 2021, the Division of Workforce Services (the "Division") issued a notice of agency determination to Keathley, finding she was unavailable for work beginning on February 27 through May 29, 2021, and was not eligible for benefits under Ark. Code Ann. § 11-10-507(3)(A). The Division stated Keathley quit her job on February 20, 2021, because, in their opinion, she could not meet the employer's performance standards.

Keathley filed a timely appeal to the Appeal Tribunal (the "Tribunal"), which conducted a hearing on August 17, 2021. The hearing officer framed the issue as whether Keathley was unemployed, physically and mentally able to perform suitable work, available for such work, and doing things a reasonably prudent individual would be expected to do to secure work as required by Ark. Code Ann. § 11-10-507(3)(A). At the hearing, Misty testified regarding their conversation on Keathley's last day:

> [W]hat she told us in that meeting was that she was still not 100 percent, that she was very tired and lethargic. She felt like she~ she felt ~ she told us that she felt like she had long haul – long COVID or long haulers or something like that. And ~ and she said that she wanted to come back, but she wanted to sit at her desk and not pull her own orders or pull her own products. She wanted the other sales people to do that for her and what we told her ~what Jack told her, is he said, no, I need you back. If you come back, you're going to be expected to do your job and don't come back until you can do your job.

When asked by the hearing officer if Keathley had resigned or quit, Misty stated she did not. Following the hearing, the Tribunal affirmed the Division's determination, specifically finding

2

that Keathley was "not available to perform suitable work" and ineligible for benefits from February 27 through August 17, 2021.

Keathley then filed a timely appeal to the Board of Review (Board). The Board affirmed in part and found that Keathley was not eligible for benefits because she could not perform suitable work due to continuing health issues from February 21 through May 29, 2021. In addition, the Board of Review reversed in part and found that Keathley was not ineligible for being unable to work from May 30 through August 17, 2021. Keathley filed a timely appeal of the Board's decision.

On appeal, we affirm Board decisions when they are supported by substantial evidence. *Jones v. Dir.*, 2019 Ark. App. 341, at 3, 581 S.W.3d 517, 518. Substantial evidence is what reasonable minds might accept as adequate to support a conclusion. *Id.* We view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Bushnell v. Dir.*, 2022 Ark. App. 194, at 3, 645 S.W.3d 24, 26. Even if the evidence could support a different decision, this court's appellate review is limited to whether the Board could have reasonably reached its decision on the basis of the evidence presented. *Id.* However, our function on appeal is not merely to rubber stamp Board decisions. *Id.*

Under Arkansas law, to be eligible to receive benefits, a claimant must be unemployed, physically and mentally able to perform suitable work, and "available for the work." Ark. Code Ann. § 11-10-507(3)(A). Our case law supports the general principle that a reduction in the amount of work available to a claimant is insufficient to find that the claimant is unavailable to work. *Buchanan v. Dir.*, 91 Ark. App. 35, 37, 207 S.W.3d 567, 569 (2005). We have previously

3

reversed the Board's decision and held that a claimant that a physician restricted to light-duty work was available for suitable work when he applied for positions within his functional capacity. *McDaniel v. Dir.*, 103 Ark. App. 231, 233, 288 S.W.3d 281, 283 (2008). We also reversed a decision of the Board when it denied benefits to a claimant who was receiving workers'-compensation benefits for permanent-partial benefits but was released by her doctor to do light-duty work. *Ross v. Daniels*, 266 Ark. 1056, 1059, 599 S.W.2d 390, 391–92 (Ark. Ct. App. 1979).

Similarly, like the claimants in *Ross* and *McDaniel*, Keathley was in a position where the amount of work available to her was limited due to some general inability, such as experiencing more prolonged symptoms of COVID-19. Keathley told the Gatsons she wanted to return to work but asked for a special accommodation because she could not pull her own orders. The Gatsons refused and told Keathley to return to work when she could fully perform her duties. Based on this testimony, the Board concluded that she was "unavailable" to work. However, the record indicates Keathley was physically capable of performing administrative tasks such as working at her desk and caring for customers. Thus, the Board's decision was not supported by substantial evidence that she was not available to work from February 21- May 29, 2021. Accordingly, we reverse the Board's decision and remand this case to determine benefits.

Reversed.

HARRISON, C.J., and MURPHY, J., agree.

*Amanda Keathley*, pro se appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.

4