Cite as 2024 Ark. App. 89

# ARKANSAS COURT OF APPEALS

DIVISION II
No. E-22-586

| | | |
|---|---|---|
| | | Opinion Delivered February 7, 2024 |
| STEPHANIE MORGAN | | |
| | APPELLANT | APPEAL FROM THE ARKANSAS BOARD OF REVIEW |
| V. | | |
| | | [NO. 2022-BR-01030] |
| DIRECTOR, DIVISION OF WORKFORCE SERVICES | | |
| | APPELLEE | REVERSED AND REMANDED |

**MIKE MURPHY, Judge**

In this unbriefed employment-security case, Stephanie Morgan appeals the Board of Review's determination that she is ineligible for unemployment insurance benefits under Arkansas Code Annotated section 11-10-507(3)(A) (Supp. 2023) beginning November 28, 2021, and continuing. The Board adopted the decision of the Arkansas Appeal Tribunal, which found that Morgan was not able to perform suitable work. We reverse and remand.

The Employment Security Department denied benefits pursuant to Arkansas Code Annotated section 11-10-507(3)(A), which requires that a person be unemployed, physically and mentally able to perform suitable work, available for such work, and doing things that a reasonably prudent individual would be expected to do to secure work before being entitled to employment security benefits.

At the telephone conference before the Arkansas Appeal Tribunal, Morgan testified

that she was taking care of her disabled grandson, and while she could not begin working on June 2, 2021, because she was getting him situated, by the date of the hearing, he was in school from about 7:30 a.m. until about 3:30 p.m., and she was looking for work that would let her work during those hours.

The Tribunal reasoned that because the grandson is completely disabled, and Morgan was providing care for him, that she was not able to perform suitable work. The inference from the evidence is unreasonable.

We affirm the decision of the Board of Review if it is supported by substantial evidence. *Billings v. Dir.*, 84 Ark. App. 79, 133 S.W.3d 399 (2003). Substantial evidence is such relevant evidence as reasonable minds might accept as adequate to support a conclusion. *Id.* We view the evidence and all reasonable inferences therefrom in the light of the Board's findings. *Id.* Like a jury, an administrative body is free to accept or reject the testimony of witnesses. *Gunter v. Dir.*, 82 Ark. App. 346, 107 S.W.3d 902 (2003). Even if the evidence could support a different decision, our review is limited to whether the Board could have reasonably reached its decision on the basis of the evidence presented. *Billings*, *supra*.

The Board's finding that Morgan was unavailable for work was based on her status as a caretaker for her grandson but ignores entirely that the grandson was in school eight hours a day. However, just because Morgan was unable to work for her previous employer (who required employees to work in eleven-hour shifts) does not mean that she was unavailable for any work at all.

Our case law supports the general principle that a reduction in the amount of work

available to a claimant is insufficient reason to find that the claimant is unavailable to work. *Buchanan v. Dir.* 91 Ark. App. 35, 37, 207 S.W.3d 567, 569 (2005). In *Hefton v. Daniels*, 270 Ark. 857, 606 S.W.2d 379 (Ark. App. 1980), we reversed the Board of Review and held that a claimant—who was not highly skilled, lived in an area where work available for her was sparse, and had transportation but could not relocate unless the job paid at least four dollars an hour—was not unavailable to work. And in *Buchanan*, 91 Ark. App. at 37, 207 S.W.3d at 568-69, we held that a lack of a driver's license does not, standing alone, constitute unavailability. Similarly, just because Morgan is limited to the roughly eight hours a day her grandson is in school does not mean that she is unavailable to work under employment security law.

As we explained in *Buchanan*, there might be times that claimants are in positions "where the amount of employment available to them is severely limited due to some general inability," but as long as there exists employment that can reasonably fit within the scope of that limitation, those claimants are available to work. *See generally id.*

Reversed and remanded.

BARRETT and KLAPPENBACH, JJ., agree.

*Stephanie Morgan*, pro se appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.