Cite as 2024 Ark. App. 472

# ARKANSAS COURT OF APPEALS

DIVISION II
No. E-23-348

| | |
|---|---|
| | Opinion Delivered October 2, 2024 |
| SHALEA ISAAC | |
| APPELLANT | APPEAL FROM THE ARKANSAS BOARD OF REVIEW |
| V. | |
| | [NO. 2023-BR-00876] |
| DIRECTOR, DIVISION OF WORKFORCE SERVICES | |
| APPELLEE | REVERSED AND REMANDED |

## MIKE MURPHY, Judge

In this unbriefed employment-security case, Shalea Isaac appeals the Board of Review's determination that she is ineligible for unemployment insurance benefits under Arkansas Code Annotated section 11-10-507(3)(A) (Supp. 2023) from April 2, 2023, through June 7, 2023. We reverse and remand.

The Employment Security Department denied benefits pursuant to Arkansas Code Annotated section 11-10-507(3)(A), which requires that a person be unemployed, physically and mentally able to perform suitable work, available for such work, and doing things that a reasonably prudent individual would be expected to do to secure work before being entitled to employment security benefits.

At the telephone conference before the Arkansas Appeal Tribunal, the only questions the hearing officer asked was when Isaac started, completed, and plans to return to school.

Isaac, when asked if there was anything else she thought the officer should know, explained that she had been filing weekly claims but got "messed up" in the unemployment system when she recorded that she had started school. She explained that just because she was in school did not mean she could not work a forty-hour week. She testified that she was available from 2:30 p.m. to midnight, Monday through Thursday, and anytime on Friday, Saturday, or Sunday. The Board found she was in a part-time school program but that Isaac "is restricted in the hours she could work to the extent it would be difficult to find a job with those available hours."

We affirm the decision of the Board of Review if it is supported by substantial evidence. *Billings v. Dir.*, 84 Ark. App. 79, 133 S.W.3d 399 (2003). Substantial evidence is such relevant evidence as reasonable minds might accept as adequate to support a conclusion. *Id.* We view the evidence and all reasonable inferences therefrom in the light of the Board's findings. *Id.* Like a jury, an administrative body is free to accept or reject the testimony of witnesses. *Gunter v. Dir.*, 82 Ark. App. 346, 107 S.W.3d 902 (2003). Even if the evidence could support a different decision, our review is limited to whether the Board could have reasonably reached its decision on the basis of the evidence presented. *Billings*, *supra.*

Our case law supports the general principle that a reduction in the amount of work available to a claimant is insufficient reason to find that the claimant is unavailable to work. *Buchanan v. Dir.*, 91 Ark. App. 35, 37, 207 S.W.3d 567, 569 (2005). In *Hefton v. Daniels*, 270 Ark. 857, 606 S.W.2d 379 (Ark. App. 1980), we reversed the Board of Review and held that a claimant—who was not highly skilled, lived in an area where work available for her was

2

sparse, and had transportation but could not relocate unless the job paid at least four dollars an hour—was not unavailable to work. In *Buchanan*, 91 Ark. App. at 37, 207 S.W.3d at 568–69, we held that the lack of a driver's license does not, standing alone, constitute unavailability.

More recently and most similar to the facts here, in *Morgan v. Dir.*, 2024 Ark. App. 89, 684 S.W.3d 309, the claimant was available to work only during the hours that her disabled grandson was at school. The Board found that she was unavailable to perform suitable work, but we reversed and remanded, explaining that as long employment exists that can reasonably fit within the scope of a claimant's limitation, then the claimant is available to work.

Here, Isaac has even more flexibility in her schedule than the claimant in *Morgan*. She testified that her time in school did not interfere with her ability to work forty hours a week. Given our precedent, the Board's conclusion that Isaac is unavailable is unsupported by substantial evidence.

Reversed and remanded.

VIRDEN and GLADWIN, JJ., agree.

*Shalea Isaac*, pro se appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.